**Vanjarmar Nash BELTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–93–00209–CR.

Court of Appeals of Texas,
El Paso.

May 18, 1995.

Rehearing Overruled June 21, 1995.

**892**

Christopher C. Driver, San Antonio, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before McCLURE, CHEW and MILLER, JJ.

## OPINION

CHUCK MILLER, Justice (Retired), Sitting by Appointment.

Appellant was convicted of two counts of aggravated robbery and received 60 years' confinement for count one, and 75 years' confinement for count three, count two having been directed out by the trial court. Appellant's motion for new trial was denied and thereafter he perfected appeal to this Court. Appellant brings eleven points of error challenging his conviction. We affirm the judgment of the trial court.

### I. SUMMARY OF THE EVIDENCE

In a three count indictment, appellant was charged with the capital murder of Armando Murillo and the attempted capital murder of Myra and Lisa Murillo. Appellant was convicted on counts one and three of the lesser included offense of aggravated robbery against Armando Murillo and Lisa Murillo.

On the night of December 18, 1991, Mrs. Murillo and her three children, Armando, Myra, and Lisa, were in Mrs. Murillo's home getting ready to go shopping for Christmas presents. Two men came to the door "who wanted to talk." Mrs. Murillo did not recognize them so she informed them that she was sick and could not come to the door. Shortly thereafter, the two men broke into the Murillo home. Both of the men carried guns. Appellant used his gun to beat Armando Murillo on the head. The assailants repeatedly told the Murillos to "shut the fuck up" and demanded "the money." The Murillos kept telling them that they did not have any money. The men then ordered the Murillos to get on the ground and the women handed their jewelry over to them. One of the men started rampaging through the home, presumably looking for money. One assailant asked for a car and Lisa Murillo threw him the car keys. The two men then shot Armando, Mrs. Murillo, and Lisa, killing Armando.

### II. DISCUSSION

In his first point of error, appellant claims the trial court erred in denying his motion to suppress his confession and in denying, in part, his motions to suppress evidence because both the confession and the evidence were obtained pursuant to an unlawful arrest. Appellant asserts that his arrest was unlawful because he was arrested prior to a warrant being issued and the arrest warrant that was issued was invalid because it did not bear the time of its issuance and the supporting affidavit failed to state probable cause. Because appellant challenges the denial of his motion to suppress his confession again in Point of Error Two, we will discuss that complaint when we address appellant's second point.

█ The trial judge is the exclusive judge of the credibility of witnesses and weight to be given the testimony at a hearing on a motion to suppress, and the judge may believe or disbelieve any, part, or all of any witness's testimony. *Gibbs v. State*, 819 S.W.2d 821, 830 (Tex.Crim.App.1991), *cert. denied*, 502 U.S. 1107, 112 S.Ct. 1205, 117

L.Ed.2d 444 (1992); *Cantu v. State,* 817 S.W.2d 74, 77 (Tex.Crim.App.1991); *State v. Morgan,* 841 S.W.2d 494, 496 (Tex.App.—El Paso 1992, no pet.). On appeal, a reviewing court does not engage in its own factual review but decides only whether the trial judge's fact findings are supported by the record. *Lucas v. State,* 791 S.W.2d 35, 47 (Tex.Crim.App.1989).

▇▇▇ The Court of Criminal Appeals has placed the initial burden of proof on a defendant when he seeks to suppress evidence. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim. App.1986). As the movant in the motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct. *Id.* When a defendant challenges the validity of an arrest or search and the State produces a warrant valid on its face, the defendant then must go forward to establish the invalidity of the warrant on some ground. *Rumsey v. State,* 675 S.W.2d 517, 520–21 (Tex.Crim.App.1984); see also *Miller v. State,* 736 S.W.2d 643, 648 (Tex.Crim.App.1987).

▇▇▇ Appellant first claims that his arrest was illegal because he was arrested prior to a warrant being issued. Appellant, however, does not direct this Court's attention to any references in the record in support of his allegation. The only "evidence" appellant provides to support his contention are out-of-court affidavits prepared by members of his family which are attached to his appellate brief. As this material does not constitute part of the appellate record, we are precluded from considering it. *Cook v. State,* 741 S.W.2d 928, 938 (Tex.Crim.App. 1987), *cert. denied,* 503 U.S. 998, 112 S.Ct. 1705, 118 L.Ed.2d 413 (1992). Instead, the record reflects that an arrest warrant was obtained prior to appellant's arrest. One of the detectives involved in the case testified that he had the arrest warrant in his hand when he went to appellant's residence to effectuate appellant's arrest.

▇▇▇ Appellant next argues that the arrest warrant was invalid because it did not bear the time of its issuance within the four corners of the document. Appellant notes that search warrants are required to contain the time of their issuance and argues that we should extend that requirement to arrest warrants. TEX.CODE CRIM.PROC.ANN. art. 18.07 (Vernon 1977). Texas Code of Criminal Procedure art. 15.02 lists the requirements of an arrest warrant, indicating the warrant is sufficient without regard to form, if it specifies the name of the person whose arrest is ordered, it states that the person is accused of some offense against the laws of the State and names the offense, and is signed by the magistrate and names his office in the body of the warrant. TEX.CODE CRIM.PROC.ANN. art. 15.02 (Vernon 1977). Nowhere does Article 15.02 require that the time of the issuance of the warrant appear on the document. The arrest warrant issued for appellant states appellant's name, that he is accused of attempted capital murder against the laws of the State, and is signed by Judge Horkowitz who noted his office is that of the judge of Municipal Court No. 4. We find the warrant satisfies the requirements of Article 15.02.

▇▇▇ Appellant further complains that the arrest warrant is invalid because the underlying affidavit failed to state probable cause. Specifically, appellant urges that the affidavit did not reflect any personal knowledge on the part of the affiant, but was instead based on statements provided by an unidentified eyewitness.

▇▇▇ An affidavit in support of an arrest warrant must show probable cause that an offense has been committed, and probable cause that the person named in the affidavit committed the offense. *Bell v. State,* 747 S.W.2d 898, 901 (Tex.App.—Fort Worth 1988, pet. ref'd); see also TEX.CODE CRIM. PROC.ANN. art. 15.05 (Vernon 1977). The information contained in the affidavit may be based on either direct personal observations of the affiant or on hearsay information. *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964). Whether an affidavit in support of an arrest warrant is sufficient to show probable cause must be determined from the four corners of the affidavit itself. *Tolentino v. State,* 638 S.W.2d 499, 501 (Tex.Crim.App.1982); see also *Miller,* 736 S.W.2d at 647. Affidavits must be interpreted in a common sense and

realistic manner and the magistrate who reviews an affidavit may draw inferences from the facts contained in it. *Gibbs*, 819 S.W.2d at 830.

Three affidavits were prepared by Detective Jose Ramirez stating that probable cause existed to arrest appellant for capital murder, and two counts of attempted capital murder. The affidavits were all similar in form and stated in pertinent part:

> Affiant is in possession of police reports, sworn statements and actual knowledge which states that on 12–18–91 in El Paso County, Texas, VAN NASH BELTON, committed the offense of [CAPITAL MURDER] & [ATTEMPTED CAPITAL MURDER], against [ARMANDO MURILLO] [MYRA MURILLO] [LISA MURILLO].

> Investigation revealed that on 12–18–91 the defendant and a companion not yet identified, broke down the door at the address of 1517 Dale Douglass forced their way in and shot the complainant at close range causing [his death] [her severe injuries], and then demanding money and jewelry. Shortly after the defendant and the co-defendant fled the scene, but not before also shooting two other individuals who were also in the home [one of which died at the scene].

> An eye witness who was in the home at the time of the incident was able to provided [sic] the name of the defendant as one of the suspects who committed the murder and a positive identification was made via a photographic line-up.

Regardless of the affiant's personal knowledge, we find the affidavit contained sufficient probable cause based on reliable hearsay information. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), originally set forth the standard for determining the sufficiency of an affidavit based on hearsay information. The Supreme Court held that an affidavit had to contain sufficient information to reflect the credibility of the informer, and the underlying facts upon which the informant based his beliefs. *Id.* at 114, 84 S.Ct. at 1514, 12 L.Ed.2d at 729. In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court abandoned the *Aguilar* two-prong standard and replaced it with the less stringent "totality of the circumstances" test. See *Bellah v. State*, 653 S.W.2d 795 (Tex. Crim.App.1983).

Despite appellant's allegations that the affidavit reflects no personal knowledge on the part of the affiant, the affidavit does contain a statement that the affiant had in his possession police reports and sworn statements, as well as information from a witness who had actual knowledge, concerning appellant's participation in the crimes.

Appellant challenges the credibility of the witness/informant arguing that the eyewitness is unqualified and unnamed. However, the use of an eyewitness does not raise the usual concerns involved in weighing the credibility of a confidential informant. Where the victim or eyewitness to the offense is the direct source of the information conveyed to the magistrate via a police officer, neither facts independently corroborative of the occurrence nor the basis for the claimed reliability of the eyewitness need be recited. *Cummings v. State*, 651 S.W.2d 14, 15 (Tex. App.—Amarillo 1983, no pet.). If the named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the informant is inherent. *Tribble v. State*, 792 S.W.2d 280, 284 (Tex.App.—Houston [1st Dist.] 1990, no pet.); see also *United States v. Bell*, 457 F.2d 1231, 1238 (5th Cir.1972); *Esco v. State*, 668 S.W.2d 358, 360–61 (Tex. Crim.App.1982). Although the eyewitness is not named in the affidavit, the affidavit viewed in its entirety demonstrates that it is reasonable to conclude that one of the surviving complainants was the eyewitness. The affidavit stated that the eyewitness was in the home at the time the crime was committed and that the eyewitness provided a name and positive identification of appellant. Furthermore, an investigation that was conducted, although not essential to the eyewitness's credibility, revealed the criminal activity which took place in the victims' home.

Accordingly, under the totality of the circumstances, we hold the magistrate had a substantial basis for concluding there was

probable cause to issue the arrest warrant. The trial court did not err in denying appellant's motion to suppress the resulting evidence. We overrule Point of Error One.

In his second point of error, appellant argues that his confession should have been suppressed on several grounds.[1] Appellant's first contention, that his confession should have been suppressed due to an invalid arrest, is without merit since we have found that the arrest was lawful. Next, although appellant recognizes that his confession was not entered into evidence, he claims that the threat of it being admitted prevented him from taking the stand in his own defense during trial. However, an appellant may not complain of evidence that was never placed before the jury. *Thomas v. State*, 701 S.W.2d 653, 663 (Tex.Crim.App.1985) (noting even though trial court ruled evidence admissible, jury never heard it, thus precluding appellant from complaining of trial court's decision).

Appellant also complains that his confession should have been suppressed because he was not taken to a magistrate to determine the propriety of his arrest until after his confession was obtained. Article 15.17 of the Code of Criminal Procedure requires only that one making an arrest take the arrestee before a magistrate *without unnecessary delay*. TEX.CODE CRIM.PROC.ANN. art. 15.17 (Vernon Supp.1995). It is firmly established that the failure to take an arrestee before a magistrate in a timely manner will not invalidate a confession unless there is proof of a causal connection between the delay and the confession. *Boyd v. State*, 811 S.W.2d 105, 124–25 (Tex.Crim.App.1991), *cert. denied*, 502 U.S. 971, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991); *Ex parte Stansbery*, 702 S.W.2d 643, 647 (Tex.Crim.App.1986); *Maloy v. State*, 582 S.W.2d 125, 128 (Tex.Crim.App. 1979). Appellant has failed to show a causal connection between his confession and the delay in taking him before a magistrate. Furthermore, an unreasonable delay in taking an arrestee before a magistrate will not

invalidate a voluntary confession given after a defendant was advised of his *Miranda* rights. *Boyd*, 811 S.W.2d at 125; *Von Byrd v. State*, 569 S.W.2d 883, 893 (Tex.Crim.App. 1978), *cert. denied*, 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 1073 (1979).

The trial court properly found that appellant's confession was voluntary. Appellant was advised of his *Miranda* rights after he was arrested and again upon arriving at the police station. At the police station, appellant was given the *Miranda* warning card which he read out loud and initialed. Detective Tabullo, who took the statement from appellant, asked appellant if he waived his right to have an attorney present and to remain silent. Appellant indicated he wanted to talk to Detective Tabullo and thereby waived his rights. The detective also testified that he did not use any type of threats, force, promises, or coercion to obtain appellant's statement. After giving his statement, appellant read over it and initialed each paragraph and signed the statement. Nothing in the record supports appellant's allegations on appeal that he was threatened, coerced, or promised anything in exchange for his testimony. Again, the only material appellant provides in support of his contentions is an out-of-court affidavit prepared by appellant and attached to his appellate brief. The affidavit is not part of the record and, therefore, cannot be considered by this Court on appeal. *Cook*, 741 S.W.2d at 938. We find the court did not err in denying appellant's motion to suppress his confession and we overrule Point of Error Two.

In his third point of error, appellant claims the trial court erred in denying his motion to suppress identification of him at trial by Lisa and Myra Murillo. Appellant filed a pretrial motion to suppress any in-court identification testimony on the grounds that it would be influenced by a prior unconstitutional out-of-court identification. Appellant argues Myra Murillo's identification of him at trial was unconstitutionally and impermissibly influenced by a suggestive photo

---

1. The only suppression hearing conducted by the trial court is designated "28.01 MOTIONS HEARING." However, a challenge to the voluntariness of a confession is properly brought under TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6 (Vernon 1979). Nowhere in the motions hearing did appellant complain that his confession was involuntary.

line-up and that she lacked independent origin for her identification of appellant at trial.

The propriety of a pretrial identification procedure depends upon the totality of the circumstances. *Williams v. State,* 850 S.W.2d 784, 786 (Tex.App.—Houston [14th Dist.] 1993), *aff'd,* 895 S.W.2d 363 (Tex.Crim. App.1994). The pretrial procedure must be unnecessarily suggestive and conducive to irreparable mistaken identification before it is objectionable. *Id.; Garza v. State,* 633 S.W.2d 508, 512 (Tex.Crim.App.1982). If the totality of the circumstances reveals no substantial likelihood of misidentification despite a suggestive pretrial procedure, subsequent identification testimony will be deemed "reliable." *Webb v. State,* 760 S.W.2d 263, 269 (Tex.Crim.App.1988), *cert. denied,* 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989). Unless the defendant can show, by clear and convincing evidence, that a complaining witness's in-court identification of defendant as the assailant was tainted by improper pretrial identification procedures, the in-court identification will be admissible. See *Jackson v. State,* 628 S.W.2d 446, 448 (Tex.Crim. App.1982).

The testimony at the suppression hearing revealed that police procedure in preparing a photo spread includes putting together pictures of persons with approximately the same face features, hair, and facial hair. The Detectives got appellant's name from Myra Murillo who said that she recognized appellant because she knew his sister from high school. Detectives were then able to obtain a photograph of appellant which was included in the photo spread with pictures of five other similar looking individuals. The pictures were numbered one through six and they were all the same size depicting each person facing forward standing in front of a neutral background. Myra Murillo viewed the photo spread in a well-lit room and was told to carefully look at each picture. Detective Lowe, who showed Myra Murillo the photo spread, testified that she did not make any suggestions to Myra Murillo regarding the photos. There is no evidence in the record that the out-of-court identification was improper.

Nevertheless, even where the pretrial identification procedure is impermissibly suggestive, in-court testimony of an identification witness will still be admissible as long as the record clearly reveals that the witness's prior observation of the accused was sufficient to serve as an independent origin for the in-court identification. *Jackson v. State,* 657 S.W.2d 123, 130 (Tex.Crim.App. 1983); see also *Webb,* 760 S.W.2d at 269. At trial, Myra Murillo testified that when she first saw appellant in her home, it only took her a few seconds to recognize him based on seeing him on and off for a period of eight years. She had seen appellant prior to the night the crimes were committed because he used to walk in front of her home on the way to school. She also testified that she saw his face many times during the evening he broke into her home and at one point, appellant's face was only inches away from her face, so she looked down for fear that he would recognize her. We find Myra Murillo's in-court identification of appellant as her assailant rested on an independent recollection of him in her home on the night the crimes were committed, as well as several years of seeing appellant walk by her home.

Appellant also claims Lisa Murillo lacked independent origin to support both her out-of-court and in-court identification of appellant. Lisa Murillo was shown the same photo spread shown to Myra Murillo. Detective Lowe testified that she also did not make any suggestions to Lisa Murillo concerning the photo spread. Appellant has again failed to show that the line-up was unconstitutionally suggestive. At trial, Lisa Murillo testified that she came face to face with appellant. She was able to positively identify appellant during both the out-of-court photo spread and at trial. The record demonstrates the out-of-court identification procedure was properly conducted and, further, that Lisa Murillo's in-court identification of appellant was based on independent origin. Accordingly, we overrule Point of Error Three.

Appellant's fourth point of error contends the trial court erred in overruling his *Batson* objection. Appellant challenged the State's peremptory strike of juror 29, an African–American woman. It is well estab-

lished that an accused is entitled to a trial by a jury whose members were selected on a racially-neutral, nondiscriminatory basis. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); see also *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). *Batson* and its progeny require that a complaining party, or movant, must establish a *prima facie* case of discrimination. *Keeton v. State,* 749 S.W.2d 861, 867 (Tex.Crim.App.1988). The movant must present evidence that gives rise to a rebuttable presumption of racial discrimination by the striking party in the exercise of its peremptory challenges. *Id.* The state then has the burden of articulating a clear, specific, and legitimate reason for the challenge which relates to the particular case to be tried, and which is nondiscriminatory. *Id.* at 867–68. If the striking party has sustained his burden of production, the movant must then continue to sustain his burden of persuasion in establishing purposeful racial discrimination, rebutting any race neutral explanation given at the *Batson* hearing. *Williams v. State,* 804 S.W.2d 95, 101 (Tex.Crim.App.), *cert. denied,* 501 U.S. 1239, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). In order to establish a *prima facie* case, the movant must show: (1) that the excused venireperson was a member of a minority and (2) other relevant circumstances which raise an inference of discriminatory use of peremptory challenges. *Wyle v. State,* 836 S.W.2d 796, 797 (Tex.App.—El Paso 1992, no pet.).

 In reviewing a *Batson* challenge on appeal, this Court must consider the record in the light most favorable to the trial judge's rulings and apply a "clearly erroneous" standard of review. See *Williams,* 804 S.W.2d at 101. A finding is clearly erroneous when, although there is evidence to support a finding, the appellate court is left with the "definite and firm conviction that a mistake has been committed." *Whitsey v. State,* 796 S.W.2d 707, 721 (Tex.Crim.App.1990); *Musick v. State,* 862 S.W.2d 794, 802 (Tex.App.—El Paso 1993, pet. ref'd).

 At the end of the voir dire, appellant raised his *Batson* challenge. The prosecutor then gave two race-neutral reasons for the strike stating that: (1) the juror gasped,

mouthed "Oh, My God," and looked directly at the defendant when the prosecutor explained to the panel that count one was a capital murder charge; and (2) the juror was filing her fingernails through the majority of the voir dire. Inattentiveness during voir dire is a racially neutral reason for striking a prospective juror. *Irvine v. State,* 857 S.W.2d 920, 926 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd); see also *Solomon v. State,* 830 S.W.2d 636, 637 (Tex.App.—Texarkana 1992, pet. ref'd). Once the State gave a race-neutral reason for striking juror 29, the burden shifted to appellant to rebut the State's explanation. However, appellant did not offer any evidence at the hearing, nor does he do so on appeal, to prove that the State's reasons were merely a pretext. We find the trial court's overruling of the *Batson* motion was not clearly erroneous. Point of Error Four is overruled.

 In his fifth point of error, appellant claims the trial court erred in failing to grant his motion for directed verdict due to insufficient evidence. A challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support his conviction. *Madden v. State,* 799 S.W.2d 683, 686 (Tex.Crim.App.1990), *cert. denied,* 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991). In reviewing the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 573 (1979); *Geesa v. State,* 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). The trier of fact, not the appellate court, is free to accept or reject all or any portion of any witness's testimony. *Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Crim. App.1992). If the evidence is sufficient to sustain the conviction, then the trial judge did not err in overruling appellant's motion. *Madden,* 799 S.W.2d at 686.

Appellant was convicted of two counts of aggravated robbery. Under the Texas Penal Code, a person commits the offense of aggravated robbery if he commits robbery, as de-

fined in Section 29.02, and he causes serious bodily injury to another or uses or exhibits a deadly weapon. TEX.PENAL CODE ANN. § 29.03 (Vernon 1994). Section 29.02 provides that a person commits robbery if, in the course of committing theft as defined in Chapter 31 and with the intent to obtain or maintain control of the property he intentionally, knowingly, or recklessly causes bodily injury to another or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02 (Vernon 1994). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX.PENAL CODE ANN. § 31.03 (Vernon 1994). To sustain appellant's conviction, we must consider all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could find the essential elements of aggravated robbery beyond a reasonable doubt.

At trial, Myra Murillo testified that appellant and another individual entered her home. She said she saw her mother in fear for her life and her brother being beaten on the head with a gun by appellant and the other individual. Appellant and his companion kept demanding the family to give them "the money." Myra Murillo further testified that appellant waved his gun around and ordered her to get on the ground. She then passed her jewelry to her mother who passed it to appellant and he put the jewelry in his pocket. Shortly thereafter, Myra Murillo heard several gunshots and she testified that her mother, brother, and sister were shot. Lisa Murillo's testimony supported that of her sister. Reviewing the evidence in the light most favorable to the verdict, we find the evidence is sufficient to support appellant's conviction. Point of Error Five is overruled.

 In his sixth point of error, appellant contends the trial court erred in denying his motion to exclude prejudicial photographs. Appellant claims that certain photographs are gruesome, inflammatory, cumulative, and have virtually no probative value. When the State offered into evidence the complained of photographs 15, 16, and 18–21, defense counsel specifically stated that he

had "no objection." It is well settled that when a pretrial motion to suppress is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Ebarb v. State*, 598 S.W.2d 842, 843 (Tex.Crim.App.1980); *Bennett v. State*, 831 S.W.2d 20, 21 (Tex. App.—El Paso 1992, no pet.). However, when the defendant affirmatively asserts during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Gearing v. State*, 685 S.W.2d 326, 329 (Tex.Crim. App.1985). Furthermore, when the State offered photographs 4 through 11 into evidence, defense counsel objected on the basis that the State had not laid the proper predicate for introducing the photos. The trial court overruled the objection. Although appellant preserved that objection at trial, the same issue is not raised on appeal. See *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim.App.), *cert. denied*, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991) (noting point of error on appeal must correspond to the objection made at trial). Accordingly, appellant has waived his sixth point of error.

 By his seventh point of error, appellant complains that the trial court erred in denying his motion for mistrial based on the prosecutor's reference to appellant as an "animal." The facts established at trial showed that appellant and his companion forced their way into the victims' home, breaking down the door. Appellant and his companion then proceeded to beat and terrorize the victims, finally shooting three of the family members, and killing one member. Under the circumstances of the case, the prosecutor's reference to appellant as an animal was a reasonable deduction from the evidence. *Burns v. State*, 556 S.W.2d 270, 285 (Tex.Crim.App.), *cert. denied*, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977) (finding sufficient facts in record to justify reference to appellant as an animal); *Garza v. State*, 783 S.W.2d 796, 800 (Tex.App.—San Antonio 1990, no pet.) (finding arguments characterizing appellant as an animal were reasonable deductions from the evidence). Defense counsel objected to the reference

and upon counsel's request, the court instructed the jury to disregard the comment. After defense counsel received a favorable ruling, he did not thereafter move for a mistrial. The general rule is that error committed during jury argument is preserved only if the defendant objects and obtains an adverse ruling from the trial court. *Harris v. State,* 784 S.W.2d 5, 12 (Tex.Crim.App. 1989). To preserve error, a party complaining of improper jury argument must (1) object, and if the objection is sustained, (2) request an instruction to disregard, and (3) move for a mistrial. *Harris,* 784 S.W.2d at 12. Appellant, having failed to move for a mistrial after the court instructed the jury to disregard, did not preserve error.

Later in his closing argument, the prosecutor mentioned that Mrs. Murillo, one of the victims, would have to remain in a wheelchair for the rest of her life because of her gunshot wound. Defense counsel objected on the grounds that the argument was outside the record. The trial court instructed the jury to disregard the prosecutor's comment. Defense counsel then moved for a mistrial which the court overruled. When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the question is whether the trial court erred in denying the mistrial. *Sauceda v. State,* 859 S.W.2d 469, 474 (Tex.App.—Dallas 1993, pet. ref'd). To determine whether the error is reversible, we consider whether the argument was extreme, manifestly improper, injects new and harmful facts into the case, or violates a mandatory statutory provision and is thus so inflammatory that instructions to disregard the argument cannot cure its prejudicial effect. *Long v. State,* 823 S.W.2d 259, 267 (Tex.Crim.App.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). We find the prosecutor's comment was not so improper that it requires reversal and that the court's instruction to disregard cured any potential harm. Point of Error Seven is overruled.

Appellant's eighth point of error contends that his punishment was excessive. He was convicted of two counts of aggravated robbery, a first degree felony. TEX.PENAL CODE ANN. § 29.03. On one count, he received a 60 year sentence and on the other count, a 75 year sentence. The jury also made an affirmative deadly weapons finding on both counts. A person convicted of a first degree felony shall be punished by confinement for any term of not more than 99 years or less than 5 years. TEX.PENAL CODE ANN. § 12.32 (Vernon 1994). Appellant's sentence was below the maximum punishment of 99 years' imprisonment. Punishment assessed within the range of punishment authorized by statute is not excessive. *McNew v. State,* 608 S.W.2d 166, 174 (Tex.Crim.App.1980); *Samuel v. State,* 477 S.W.2d 611, 614 (Tex. Crim.App.1972); *Lackey v. State,* 881 S.W.2d 418, 420 (Tex.App.—Dallas 1994, pet. ref'd). Point of Error Eight is overruled.

In his ninth point of error, appellant claims he was denied effective assistance of counsel. The United States Supreme Court established a two-prong test for analyzing an ineffective assistance of counsel claim in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, appellant must demonstrate that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. at 2065, 80 L.Ed.2d at 693. Once appellant meets this burden he must next show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. In this regard, a probability is reasonable only if it is sufficient to undermine confidence in the outcome. *Muniz v. State,* 851 S.W.2d 238, 258 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). A defendant is not entitled to errorless counsel. *Stafford v. State,* 813 S.W.2d 503, 506 (Tex. Crim.App.1991). A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. *Id.* In passing on counsel's performance, the totality of counsel's representation must be considered rather than isolated acts or omissions. *Watrous*

**900**

*v. State,* 842 S.W.2d 792, 793 (Tex.App.—El Paso 1992, no pet.).

■ Appellant makes several allegations of ineffective assistance for which he does not present any supporting evidence, including: counsel had poor rapport with appellant, appellant was threatened, coerced, and otherwise prevented from testifying and not consulted on "important developments in the [case]," he was prevented from participating in a "chambered agreement," he was prevented from taking the stand and that defense counsel entered into agreements without his consent, counsel failed to object to conflicting descriptions of appellant, and defense counsel failed to poll the jury. Because there is no support for any of these allegations, they are unreviewable. *Stanley v. State,* 866 S.W.2d 306 (Tex.App.—Houston [14th Dist.] 1993, no pet.).

■ Appellant argues that ineffective assistance is demonstrated by the fact that he received a 75 year sentence for an aggravated robbery conviction. However, the statute addressing punishment for first degree felonies, which includes aggravated robbery, provides for a maximum 99 year sentence. TEX.PENAL CODE ANN. § 12.32. Furthermore, aggravated robbery is a lesser included offense of capital murder, the crime for which appellant was charged. The fact that appellant received a 75 year sentence for a lesser included offense does not support appellant's claims that his counsel was deficient.

■ Appellant also alleges he received ineffective assistance of counsel because defense counsel presented a poor performance at the suppression hearings. Prior to trial, defense counsel filed a motion to suppress evidence obtained as a result of a search of appellant's home. The trial court granted the motion in full. Appellant claims that counsel was ineffective because he did not succeed in convincing the court appellant's arrest was illegal, specifically by failing to call witnesses who would have testified the arrest was invalid and by not establishing when the warrant was issued. However, the record shows counsel made a vigorous attempt to suppress the arrest. For the reasons stated above in response to appellant's first point of error, the arrest was lawful. Nevertheless, the evidence obtained through the arrest was never introduced at trial, thus, it could not have harmed appellant.

■ Additionally, appellant claims his counsel was ineffective because he did not attempt to change venue for appellant's trial. A change of venue may be granted in a felony case if "there exists in the county where the prosecution is commenced so great a prejudice against [a defendant] that he cannot obtain a fair and impartial trial...." TEX.CODE CRIM.PROC.ANN. art. 31.03 (Vernon 1989); see also *Teague v. State,* 864 S.W.2d 505, 509 (Tex.Crim.App.1993). Appellant does not offer evidence in support of this claim, and therefore, has failed to show counsel's performance was deficient.

■ Appellant next argues his counsel was ineffective because he did not object to an allegedly extraneous offense which surfaced when an officer testified he knew appellant's address from "past dealings." Evidence of an extraneous offense must necessarily involve evidence of prior criminal conduct by the accused. *McKay v. State,* 707 S.W.2d 23, 32 (Tex.Crim.App.), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). If the evidence fails to show that an offense was committed or that the accused was connected to the offense then evidence of an extraneous offense is not established and no harm is shown. *Id.* Because the officer's testimony did not reveal that the "past dealings" were of a criminal nature or that they involved appellant, the testimony failed to establish an extraneous offense. No harm is shown by counsel's failure to object.

■ Appellant claims counsel erred in not objecting to the introduction of certain prejudicial photographs. Photographs are admissible if the matters they depict are an appropriate subject for oral testimony. *Hicks v. State,* 860 S.W.2d 419, 426 (Tex.Crim.App.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 2725, 129 L.Ed.2d 848 (1994); *Jackson v. State,* 745 S.W.2d 4, 18 (Tex.Crim.App.), *cert. denied,* 487 U.S. 1241, 108 S Ct. 2916, 101 L.Ed.2d 947 (1988). Unless the probativeness is substantially outweighed by

the prejudicial effect, the photos are admissible. *Long*, 823 S.W.2d at 271. There were only a few photos of the deceased and those photos were not large in size, particularly gruesome, or detailed. *Montes v. State*, 870 S.W.2d 643, 648 (Tex.App.—El Paso 1994, no pet.) (listing factors used to determine whether photographs are admissible). The other photographs depicted the crime scene, including blood stains on various objects in the Murillo's home. We find the photographs contained in the record "are not, in our estimation, so horrifying or appalling that a juror of normal sensitivity would necessarily encounter difficulty rationally deciding the critical issues of this case after viewing them." *Fuller v. State*, 829 S.W.2d 191, 206 (Tex.Crim.App.1992), *cert. denied,* — U.S. ——, 114 S.Ct. 13, 125 L.Ed.2d 765 (1993). Counsel's failure to object to the photos did not amount to ineffective assistance.

■ Appellant also complains of trial counsel's failure to object to the prosecutor's remarks indicating appellant had been out drinking until 4 o'clock one morning a week before the murders. Appellant does not state why he finds the remarks objectionable, but if he is suggesting the prosecutor's comments brought up an extraneous offense, we do not agree, because again, the testimony does not link appellant to criminal activity. See *McKay*, 707 S.W.2d at 32. No error is shown.

■ Appellant alleges his counsel was ineffective for asking the jury to find him guilty only of aggravated robbery instead of arguing for his innocence. A defendant's trial counsel does not necessarily render ineffective assistance of counsel by conceding the defendant's guilt. *Hathorn v. State*, 848 S.W.2d 101, 118 (Tex.Crim.App.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993). Requesting the jury to find an appellant guilty of a lesser included offense can be a sound trial tactic, particularly when the evidence overwhelmingly supported the State's case. *Id.* Considering the amount of evidence pointing to appellant's guilt, including eyewitness testimony and identification of appellant, we find defense counsel practiced sound trial strategy.

Appellant's final allegation is that counsel was ineffective for failing to introduce character witnesses. However, the record shows that both appellant's sister and mother testified at trial. Furthermore, appellant does not suggest, nor can we determine, how the failure to introduce additional character evidence renders counsel's assistance ineffective.

None of appellant's claims of ineffective assistance have merit. We overrule Point of Error Nine.

■ In his tenth point of error, appellant argues the trial court erred in denying his motion for new trial. Appellant was sentenced on April 12, 1993. Appellant's motion for new trial was timely filed on May 11. The motion was based on allegations of ineffective assistance of counsel, a matter outside the record. However, the motion was not verified and contained no affidavits or proof. On May 18, a hearing was held on the motion and appellant was informed his motion was insufficient. The Court of Criminal Appeals has acknowledged that although neither the rules of criminal procedure nor any of the predecessor code provisions governing motions for new trial provide that such motions be verified, that requirement has been judicially imposed. *Connor v. State*, 877 S.W.2d 325, 327 n. 3 (Tex.Crim.App.1994). The Court has consistently held that without verification or affidavit, a motion for new trial based on matters outside the record is insufficient as a pleading. *Bearden v. State*, 648 S.W.2d 688, 690 (Tex.Crim.App.1983).

■ On June 1, appellant filed an amended motion for new trial to which he claims he attached several affidavits. The trial court denied appellant's amended motion, noting that it lacked jurisdiction over the amended motion because it was filed outside the court's plenary power to act on such motion. Tex.R.App.P. 31; *Fowler v. State*, 803 S.W.2d 848, 849 (Tex.App.—Corpus Christi 1991, no pet.). Tex.R.App.P. 31(a)(2) provides:

To Amend. Before a motion or an amended motion for new trial is overruled it may be amended and filed without leave of court within 30 days after date sentence

is imposed or suspended in open court. TEX.R.APP.P. 31(a)(2).

The denial of a hearing on a motion for new trial is not error where the motion is not timely filed. *Carpenter v. State,* 473 S.W.2d 210, 213 (Tex.Crim.App.1971). Because the amended motion was not properly before the trial court, there could be no error in the court's failure to hold a hearing. *Kiser v. State,* 788 S.W.2d 909, 915 (Tex.App.—Dallas 1990, pet. ref'd). Untimely amended motions for new trial are a nullity and cannot form the basis for points of error on appeal. *Dugard v. State,* 688 S.W.2d 524, 529–30 (Tex. Crim.App.1985), *overruled on other grounds, Williams v. State,* 780 S.W.2d 802, 803 (Tex. Crim.App.1989). In the hearing on the amended motion, appellant seemed to be suggesting that at the May 18 hearing the court had granted him leave to file an amended motion. However, even if the court had granted leave to amend, it would have been without jurisdiction to do so. A motion for new trial cannot be amended after the mentioned 30 day period, even with leave of court. *Dugard,* 688 S.W.2d at 530; see also *Drew v. State,* 743 S.W.2d 207, 222–23 (Tex. Crim.App.1987); *Pena v. State,* 767 S.W.2d 206, 207 (Tex.App.—Corpus Christi 1989, no pet.).

▮ Additionally, appellant argues that his case comes within the exception set forth in *Whitmore v. State,* 570 S.W.2d 889, 895 (Tex.Crim.App.1978). In *Whitmore,* an appellant filed an untimely motion for new trial based on newly discovered evidence which the Fifth Amendment initially precluded him from eliciting from a codefendant. *Id.* at 895. The *Whitmore* Court reversed the trial court's judgment and held that in some cases where an accused's constitutional rights are in conflict with a valid procedural rule of law, the procedural rule must yield to the superior constitutional right. *Id.* at 898. Here, appellant claims his Sixth Amendment right to counsel was infringed upon because his appellate counsel was not appointed until fourteen days after he was sentenced. Therefore, he argues, TEX.R.APP.P. 31 should give way to his constitutional rights. However, the Court of Criminal Appeals has noted later cases have limited availability of a *Whitmore* claim. *Roberts v. State,* 784 S.W.2d 430, 435 (Tex.Crim.App.1990). *Whitmore* was decided before the Rules of Appellate Procedure were enacted, and under the current law, it seems to have little validity. *State ex rel. Holmes v. Shaver,* 824 S.W.2d 285, 288 (Tex.App.—Texarkana 1992, no pet.); see also *Roberts,* 784 S.W.2d at 435. Nevertheless, the record fails to demonstrate that appellant's constitutional rights were violated. Appellate counsel was appointed well within the thirty day time period. Subsequently, appellant retained his own counsel and he timely filed a motion for new trial, albeit insufficient. We overrule appellant's tenth point of error.

In his final point of error, appellant claims his conviction must be reversed for lack of due process. Appellant does not cite to the record or any case law in support of his argument, but merely reiterates the complaints in his first ten points of error. This point of error is multifarious and presents nothing for review. *Rivera v. State,* 808 S.W.2d 80, 95 (Tex.Crim.App.), *cert. denied,* 502 U.S. 902, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991). Appellant's eleventh point of error is overruled.

### III. CONCLUSION

Having overruled all of appellant's points of error, we affirm the judgment of the trial court.