amson Wayne Elliott appeals his convic











COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


SAMSON WAYNE ELLIOTT,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-01-00474-CR


Appeal from the


238th Judicial District Court


of Midland, Texas


(TC# CR-26-438)

MEMORANDUM OPINION



 Samson Wayne Elliott appeals his conviction by the court, following his plea of
guilty without a plea bargain, of the offense of aggravated sexual assault. The trial court
assessed his punishment at sixty (60) years' confinement in the Texas Department of
Criminal Justice, Institutional Division. He asserts in four issues that: (1) the trial court
erred in refusing to grant his request for a psychiatric examination and, instead, having him
examined by a family therapist; (2),(3), and (4) he was denied effective assistance of
counsel when his counsel failed to obtain a psychiatric examination after the court granted
the motion to appoint expert witnesses, when his trial counsel did not forward his
acceptance of the State's plea bargain offer of twenty (20) years, and when his trial counsel
failed to have him examined by a psychiatrist and failed to have that psychiatrist testify at
the punishment phase of his trial. We affirm.


 Appellant contends in issue number one that the trial court erred by refusing to grant
his request for a psychiatric examination and instead had him examined by a family
therapist. Prior to trial, Appellant filed a motion requesting a psychiatric examination. 
Following a hearing, the trial court did not order a psychiatric examination, but ordered an
interview with a healthcare provider to see if there was any further reason to have a
psychiatric examination. The healthcare provider was Linda Patterson, a family therapist. 
Article 46.02, Section 3(a), of the Texas Code of Criminal Procedure provides that if at any
time the issue of the defendant's incompetency to stand trial is raised, the court may, on its
own motion or motion by the defendant, his counsel, or the prosecuting attorney, appoint
the local mental health or mental retardation authority or other disinterested experts
experienced and qualified in mental health or mental retardation to examine the defendant
with regard to his competency to stand trial and to testify at any trial or hearing on this
issue. Tex. Code Crim. Proc. Ann. art. 46.02 § 3(a)(Vernon 2003).

 Appellant does not contend that Patterson is not a disinterested expert experienced
and qualified in mental health or mental retardation, only that she is not a psychiatrist. 
Inasmuch as the statute does not require that the trial court appoint a psychiatrist but,
instead, authorizes the trial court to appoint a disinterested expert experienced and qualified
in mental health or mental retardation, the trial court did not abuse its discretion by
appointing Patterson rather than a psychiatrist. Appellant presents no authority suggesting
that the trial court was required to appoint a psychiatrist, and we are not aware of any. We
overrule issue number one. 

 Appellant urges in issue number two that he was denied the effective assistance of
counsel because his trial counsel failed to obtain a psychiatric exam after the court granted
his motion to appoint an expert witness. He argues in issue four that his counsel was
ineffective for failing to have him examined by a psychiatrist and failing to have the
psychiatrist testify at the punishment phase of his trial. At the time that Appellant pleaded
guilty to this offense, the trial court granted his motion for the court to appoint a
psychologist or psychiatrist as an expert witness, apparently for the purpose of explaining
Appellant's alcoholism and depression. The only expert witness who subsequently testified
at the hearing on punishment was the family therapist whom the court had initially
appointed to review whether additional expert assistance was needed with respect to
Appellant's competency. Consequently, there was no testimony from a psychologist or a
psychiatrist at the punishment phase of Appellant's trial. 

 We apply a two-pronged test to ineffective assistance of counsel claims. Wiggins
v. Smith, 71 USLW 4560, 123 S.Ct. 2527, 156 L.Ed.2d 471; Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999). First, Appellant must show that his counsel's
performance was deficient; second, Appellant must show the deficient performance
prejudiced the defense. Wiggins, 71 USLW at 4560, 123 S.Ct. at 2527, 156 L.Ed.2d at 471;
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 

 In evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case. Thompson, 9
S.W.3d at 813. A defendant must demonstrate that counsel's representation fell below an
objective standard of reasonableness and prevailing professional norms at the time of the
alleged error. Wiggins; Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065. "[C]ounsel is
strongly presumed to have rendered adequate assistance and made all significant decisions
in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690, 104 S.Ct.
at 2066. An allegation of ineffective assistance must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d
at 814. Our scrutiny of counsel's performance must be highly deferential, and every effort
must be made to eliminate the distorting effects of hindsight. Strickland, 466 U.S. at 689,
104 S.Ct. at 2065. 

 The second prong of Strickland requires a showing that counsel's errors were so
serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. 
Id. at 687, 104 S.Ct. at 2064. In other words, Appellant must show there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding would
have been different. Id. at 694; 104 S.Ct. at 2068. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. The ultimate focus of our inquiry
must be on the fundamental fairness of the proceeding whose result is being challenged. 
Id. at 697, 104 S.Ct. at 2070. 

 Under normal circumstances, the record on direct appeal will not be sufficient to
show that counsel's representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that counsel's conduct was reasonable and
professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the
trial record contain sufficient information to permit a reviewing court to fairly evaluate the
merits of such a serious allegation. Id. 

 Our record contains no information as to whether Appellant's counsel actually hired
a psychiatrist or psychologist, nor whether such a person did or did not interview Appellant. 
Therefore, if Appellant's counsel did not hire such a person, the record contains no reason
for counsel's failure to do so. If counsel did hire such a person, there is nothing in the
record to show the reason for not calling that person as a witness. Additionally, the record
does not reflect what such an expert's testimony would have been so that we are unable to
determine if any failure to employ such an expert would have made a difference in
Appellant's trial. We overrule issues number two and four.

 Appellant insists in issue number three that his counsel was ineffective for failing
to forward his acceptance of the State's twenty-year plea bargain offer. Our record does
not reflect that his trial counsel failed to forward his acceptance of the offer. Appellant has
attached an affidavit of his trial counsel to his brief, in which trial counsel states:

 I was the trial counsel for Samson Wayne Appellant. Immediately prior to
the plea hearing, I told Appellant that he could accept the State's plea offer
at any time up to the final pre-trial hearing. However, there was never a final
pre-trial hearing. Appellant had advised me that he wanted to accept the plea
bargain offer, but I wanted to wait and see how things went before deciding.


We cannot consider this affidavit because, as an affidavit attached to Appellant's brief, it
is not a part of the appellate record. Belton v. State, 900 S.W.2d 886, 893 (Tex. App.--El
Paso 1995, pet. ref'd). Even if we could consider the affidavit, it does not state whether
Appellant's counsel forward Appellant's acceptance of the offer or, if he did not, or the
reason why he did not. Appellant's statement that his trial counsel never forwarded the
offer is outside the record. We overrule issue no three.

 The judgment is affirmed.

December 4, 2003





 ___________________________________________

 JOHN HILL, Chief Justice, (Ret.)

 


Before Panel No. 5

Hill, C.J. (Ret.), Larsen, and Chew, JJ.

(Hill, C.J., (Ret.) sitting by assignment)

 

(Do Not Publish)