Opinion issued April 7, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00982-CR

———————————

JAIME
MATIAS, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 208th District Court 

Harris County, Texas



Trial Court Case No. 1130928

 



 

MEMORANDUM OPINION

          A
jury convicted appellant Jaime Matias of sexual assault and assessed punishment
at 15 years in prison.  See Tex.
Penal Code Ann. § 22.011 (West Supp. 2010).  In his sole appellate issue, Matias contends
that the trial court abused its discretion by admonishing him that evidence of
an unadjudicated extraneous offense would be admissible if he testified that
the complainant consented to the sexual encounter.  We affirm.

Background

Matias brought the complainant to a
house under the premise of a house cleaning job.  According to the complainant, while there,
Matias sexually assaulted her.  At trial,
outside the presence of the jury, the trial court asked if Matias intended to
testify.  The trial court explained that
it was his choice whether to testify, but if he testified that the sexual
encounter was consensual, the State could introduce rebuttal evidence
pertaining to another pending sexual assault case.  Matias indicated that he understood but that
he intended to testify anyway.  Speaking
through a Spanish-English interpreter, he said, “I have to, no matter what,
even if they put [on] the other evidence.”

The next day, before taking the
stand, Matias changed his mind.  He said that
based on his conversation with defense counsel, his observation of the
complainant’s testimony, and a conversation with his wife, he no longer wished
to testify.  

DEFENSE COUNSEL: Mr. Matias, I want to talk to you at this time about your decision
whether or not you elect to testify in this case.  Okay? 
You understand that you have the right to remain silent.  By remaining silent, you answer no questions
for me or any from the district attorney. 
And if we did that, then I would just rest our case, the jury would make
their decisions on guilt or innocence solely from the evidence that has been
propounded so far?

COURT:     Why
don’t you answer out, sir?  Do you
understand all that, sir?

MATIAS:   Yes, I will remain silent.

DEFENSE COUNSEL: So at this time it’s your decision not to take the stand, correct?

MATIAS:   It’s correct.

DEFENSE COUNSEL: And to let the jury make their decision of your guilt or your
innocence based on what they’ve heard so far. 
Is that correct?

MATIAS:   That’s correct.

DEFENSE COUNSEL: Now, yesterday you had said that you wanted to testify.  What has caused you to change your mind?

MATIAS:   Everything
I spoke about with you, I prefer to leave it in your hands.  I noticed that the girl yesterday seemed
very, very nervous and she acted like she was raped.  I’m saying this again: I never raped her, but
I prefer that the jury make the decision.

DEFENSE COUNSEL: And did you discuss this with your wife on the telephone last night?

MATIAS:   Yes.

DEFENSE COUNSEL: And does that also play a part in your decision today?

MATIAS:   Yes.

The defense rested without
introducing any evidence, and the jury found Matias guilty. 

Analysis

On appeal, Matias brings a single
issue complaining that the trial court abused its discretion by informing him
of the potential rebuttal evidence in the event he elected to testify in his
defense.  Matias argues that this
“threat” of the admission of the unadjudicated extraneous offense is the reason
he did not testify.  Matias’s brief
focuses on the dissimilarity between the charged offense and the extraneous
offense and why the extraneous offense would not have been admissible.

To preserve error for appellate review, the
complaining party must make a “timely request, objection, or motion.”  Tex. R. App. P. 33.1(a)(1).  Matias did not testify during the
guilt-innocence phase of trial.  The
State did not actually offer evidence pertaining to the extraneous offense;
therefore, Matias could not and did not object to the admission of the
extraneous offense during the guilt-innocence phase of trial.  Moreover, Matias did not obtain a pretrial
ruling on the admissibility of the extraneous offense; rather, the trial court,
in its conversation with Matias, said that the extraneous offense was “probably
admissible” only if Matias testified that the complainant consented to the
sexual encounter.  Compare
Garza v. State, 126 S.W.3d 79, 84 (Tex.
Crim. App. 2004) (holding that trial court’s ruling on pretrial motion to
suppress preserves error for appeal), and
Belton v. State, 900 S.W.2d 886, 898 (Tex. App.—El Paso 1995, pet. ref’d)
(challenging trial court’s denial of appellant’s motion to exclude evidence), with Geuder v. State, 115 S.W.3d 11,
14–15 (Tex. Crim. App. 2003) (noting that motion in limine is preliminary
ruling that preserves nothing for appeal), and
Powell v. State, 898 S.W.2d 821, 829
(Tex. Crim. App. 1994) (holding that objection to conditionally admitted
evidence did not preserve error when appellant did not renew objection upon
State’s failure to introduce sufficient “connecting” evidence).  At the time the court made this comment,
there was no motion before the court. 
Matias did not move to suppress or exclude the evidence; there was no
pending motion in limine; and there was no motion from the State seeking a
ruling on the admissibility of the evidence. 
Accordingly, we do not construe the trial court’s comments as a pretrial
ruling on the admissibility of evidence.

In addition, Matias
did not object to the trial court’s statements that informed him of a possible
consequence of his testifying that the complainant consented to the sexual
encounter.  Nor did he make a record showing
how he would have testified if the State were not permitted to impeach him with
evidence of the extraneous offense.  See Tex.
R. App. P. 33.2; see also Mays v.
State, 285 S.W.3d 884, 889–91 (Tex. Crim. App. 2009) (holding that error
not preserved if offer of proof is inadequate).

In a footnote, Matias argues that a criminal defendant has a
fundamental constitutional right to testify in his own defense.  Even broadly construing Matias’s brief as
raising an issue of fundamental error, we conclude that his argument lacks
without merit.  See Saldano v. State, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (holding
that fundamental error may be raised for first time on appeal); accord Avilez v. State, Nos. 01-07-00591-CR, 01-07-00592-CR, 2010 WL
3928084, at *8 (Tex. App.—Houston [1st Dist.] Oct. 7, 2010, pet. denied).

A defendant has a right
to testify at his own trial, and such a right is fundamental and personal to the
defendant.  Johnson v. State, 169 S.W.3d 223, 232, 235 (Tex.
Crim. App. 2005) (citing Rock v. Arkansas, 483 U.S. 44, 52, 107 S. Ct. 2704, 2709)); see Agosto v State, 288 S.W.3d 113, 116 (Tex. App.—Houston [1st Dist.]
2009, no pet.).  However, a defendant may knowingly and voluntarily
waive this right.  See Smith v. State, 286 S.W.3d 333, 338 n.9 (Tex. Crim. App. 2009)
(citing Rock, 483 U.S. at 51–52, 107
S. Ct. at 2709). 

Matias argues on appeal that he
did not testify during the guilt-innocence phase of trial because the trial court
informed him that the State could introduce evidence of an extraneous offense
if he did.  The record does not support
this argument.  Immediately after the
trial court’s statements, Matias said he had to testify, even if it meant the
State would introduce the rebuttal evidence. 
The next day, Matias stated on the record that he decided not to testify
based on advice of his trial counsel, a conversation with his wife, and his
observations of the complainant’s demeanor while testifying.  Thus, the record reflects that Matias knowingly
and voluntarily waived his right to testify. 
See id.  Nothing in the record supports a conclusion
that the trial court’s statements deprived Matias of his constitutional right to
testify.

We overrule Matias’s sole issue.

Conclusion

We
affirm the judgment of the trial court.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and Massengale.

Do not publish.   Tex. R. App. P. 47.2(b).