**Opinion filed December 22, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00114-CR

_____

**CHARLES EDWARD TAYLOR, JR., Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8693D**

**MEMORANDUM OPINION**

Charles Edward Taylor, Jr. entered an open plea of guilty to the felony offense of aggravated sexual assault of a child under fourteen years of age. The trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of forty years. Appellant challenges his punishment in a single issue. We affirm.

Appellant's conviction for aggravated sexual assault of a child arises from his act of engaging in sexual conduct with his girlfriend's thirteen-year-old daughter. During the

sentencing hearing, appellant testified that the first encounter happened when the victim grabbed him and touched him; one thing led to another. He further testified that he was medicated, had been drinking, and was in a vulnerable situation. When asked whether he was trying to say that he was not at fault, he responded, "Yes, I am trying to say that." He was then asked if he was blaming the thirteen-year-old victim; he said, "We are both at fault on this." Although appellant initially testified that both he and the victim were responsible, he eventually stated that he accepted responsibility for his own actions. He also said that he was remorseful and sorry. Appellant stated that there were two separate encounters and that the victim became pregnant as a result.

During cross-examination, the prosecutor asked appellant if the victim would be lying if she said that the encounters occurred five to seven times a week and that it started when she was eleven years old. Appellant first responded that he did not know. During redirect examination, he clarified his answer and said that was not what happened and that what the prosecutor said was not true. After the trial court reviewed the presentence investigation report and heard testimony from several witnesses, it sentenced appellant to forty years imprisonment. The trial court certified that appellant had the right to appeal as to punishment issues only. This court dismissed appellant's initial appeal for want of jurisdiction. *See Taylor v. State*, No. 11-09-00136-CR, 2009 WL 1709000 (Tex. App.—Eastland June 18, 2009, no pet.) (mem. op., not designated for publication). The Court of Criminal Appeals granted appellant an out-of-time appeal, and he timely filed this appeal.

In a single issue, appellant challenges his punishment. He contends that the trial court failed to comply with the presentence investigation requirements under Article 42.12, section 9(i) of the Texas Code of Criminal Procedure. Specifically, appellant alleges that the trial court failed to obtain a PSI report that contained appellant's IQ and adaptive behavior score. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(i) (West Supp. 2011). The PSI report is not included in the record for our review. Although the report was discussed at the sentencing hearing, it was never entered into evidence. Items not included in the record cannot be considered by this court on appeal. *See Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981) (affidavit attached to brief and not a part of the record was not entitled to consideration by court on appeal); *Seifried v. State*, No. 11-10-00006-CR, 2011 WL 5117787 (Tex. App.—Eastland October 27, 2011, no pet. h.) (mem. op., not designated for publication) (PSI report not included in record cannot be

considered on appeal); *Belton v. State*, 900 S.W.2d 886, 893 (Tex. App.—El Paso 1995, pet. ref'd) (out-of-court affidavits attached to appellate brief cannot be considered on appeal); 43A GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 46:123 (2011) (defense counsel should include the PSI in the record if the material in the PSI is in dispute). Appellant's counsel made several objections to the PSI report during sentencing. However, counsel did not object that appellant's IQ and adaptive behavior score were omitted from the report or were never determined. The record shows that, during the sentencing hearing, the trial court acknowledged that the PSI report contained a paragraph related to appellant's MHMR history. During direct examination at the hearing, appellant confirmed that the PSI report listed his most recent diagnosis for MHMR as December 17, 2008. Without the PSI report before us, we cannot determine whether appellant's IQ or adaptive behavior score were included. We overrule appellant's sole issue.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE



December  22, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Kalenak, J.

3