Opinion filed December 22,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00114-CR 

                                                    __________

 

                      CHARLES
EDWARD TAYLOR, JR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                     Trial
Court Cause No. 8693D

 



 

 M E M O R A N
D U M   O P I N I O N 

 

            Charles
Edward Taylor, Jr. entered an open plea of guilty to the felony offense of
aggravated sexual assault of a child under fourteen years of age. The trial
court assessed punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of forty years.  Appellant
challenges his punishment in a single issue.  We affirm.   

            Appellant’s
conviction for aggravated sexual assault of a child arises from his act of
engaging in sexual conduct with his girlfriend’s thirteen-year-old daughter.  During
the sentencing hearing, appellant testified that the first encounter happened
when the victim grabbed him and touched him; one thing led to another.  He
further testified that he was medicated, had been drinking, and was in a
vulnerable situation.  When asked whether he was trying to say that he was not
at fault, he responded, “Yes, I am trying to say that.”  He was then asked if he
was blaming the thirteen-year-old victim; he said, “We are both at fault on
this.”  Although appellant initially testified that both he and the victim were
responsible, he eventually stated that he accepted responsibility for his own actions. 
He also said that he was remorseful and sorry.   Appellant stated that there
were two separate encounters and that the victim became pregnant as a result.

            During
cross-examination, the prosecutor asked appellant if the victim would be lying
if she said that the encounters occurred five to seven times a week and that it
started when she was eleven years old.  Appellant first responded that he did
not know.  During redirect examination, he clarified his answer and said that
was not what happened and that what the prosecutor said was not true.  After the
trial court reviewed the presentence investigation report and heard testimony
from several witnesses, it sentenced appellant to forty years imprisonment.  The
trial court certified that appellant had the right to appeal as to punishment
issues only.            This court dismissed appellant’s initial appeal
for want of jurisdiction.  See Taylor v. State, No. 11-09-00136-CR, 2009
WL 1709000 (Tex. App.—Eastland June 18, 2009, no pet.) (mem. op., not
designated for publication).  The Court of Criminal Appeals granted appellant
an out-of-time appeal, and he timely filed this appeal.

            In a
single issue, appellant challenges his punishment.  He contends that the trial
court failed to comply with the presentence investigation requirements under Article
42.12, section 9(i) of the Texas Code of Criminal Procedure.  Specifically,
appellant alleges that the trial court failed to obtain a PSI report that
contained appellant’s IQ and adaptive behavior score.  See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(i) (West Supp.
2011).  The PSI report is not included in the record for our review.  Although
the report was discussed at the sentencing hearing, it was never entered into
evidence.  Items not included in the record cannot be considered by this court
on appeal.  See Pollan v. State, 612 S.W.2d 594, 596 (Tex. Crim. App.
1981) (affidavit attached to brief and not a part of the record was not
entitled to consideration by court on appeal); Seifried v. State, No.
11-10-00006-CR, 2011 WL 5117787 (Tex. App.—Eastland October 27, 2011, no pet. h.)
(mem. op., not designated for publication) (PSI report not included in record
cannot be considered on appeal); Belton v. State, 900 S.W.2d 886, 893
(Tex. App.—El Paso 1995, pet. ref’d) (out-of-court affidavits attached to
appellate brief cannot be considered on appeal); 43A George E. Dix & John M. Schmolesky, Texas Practice:  Criminal
Practice and Procedure § 46:123 (2011) (defense counsel should include
the PSI in the record if the material in the PSI is in dispute).  Appellant’s
counsel made several objections to the PSI report during sentencing.  However, counsel
did not object that appellant’s IQ and adaptive behavior score were omitted
from the report or were never determined.  The record shows that, during the sentencing hearing, the trial court acknowledged
that the PSI report contained a paragraph related to appellant’s MHMR history. During
direct examination at the hearing, appellant confirmed that the PSI report
listed his most recent diagnosis for MHMR as December 17, 2008.  Without the
PSI report before us, we cannot determine whether appellant’s IQ or adaptive
behavior score were included.  We overrule appellant’s sole issue.

            The judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

 

December  22, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Kalenak, J.