

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

DWAYNE ROBERTS,                    §
                                                              No. 08-12-00112-CR
                    Appellant,      §
                                                              Appeal from the
v.                                  §
                                                              346th District Court
THE STATE OF TEXAS,                 §
                                                              of El Paso County, Texas
                    Appellee.       §
                                                              (TC# 20090D05559)
                                    §

## **O P I N I O N**

A jury found Appellant, Dwayne Roberts, guilty of one count of stalking.  TEX. PENAL CODE ANN. § 42.072 (West 2011).  The trial court assessed punishment at three years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant raises two issues on appeal.  We affirm.

## BACKGROUND

Appellant met the complainant, Heather Robinson, when she was jogging near her home in Northeast El Paso.  The two exchanged phone numbers and began corresponding through text messages later that evening.  Robinson stopped responding to Appellant's text messages after he identified himself with a different name than the one he had given her earlier that day, which she felt was not right.  Appellant persisted in sending Robinson text messages.  At first, Robinson ignored the messages but eventually responded with messages which in her opinion, made it clear

to Appellant that she no longer wanted to communicate with him. A few days later while out jogging, Robinson noticed Appellant following her. Robinson ran home because she was afraid and thought Appellant could hurt her.

A couple of days after that incident, Robinson was jogging again when Appellant surprised her by stopping in front of her and blocking her way. Robinson was taken off guard because Appellant was driving a different vehicle than she had seen him driving previously. Robinson felt like she could not leave without either running into heavy traffic on Dyer Street or turning her back to Appellant's vehicle, and she felt too afraid to do either. Appellant asked Robinson where she was going and she responded home to her children. Appellant then leaned out of the driver-side window, grabbed Robinson in the vaginal area, touching her over her clothes with his hand, and said, "What have you got up there?"

After Appellant saw the shocked and angry expression on Robinson's face, he fled the scene. Robinson immediately called 911 to report the incident and gave the dispatcher Appellant's license-plate number. Responding officers located Appellant a few blocks away from where the incident occurred and detained him. Officers brought Robinson to the location and she positively identified Appellant. Appellant was arrested and later indicted on one count of stalking.

Attorney Gary Hill represented Appellant at trial. Hill presented no witnesses or evidence during guilt-innocence. At punishment, Hill proffered two letters attesting to Appellant's character, career, and family responsibilities. The State objected to the admission of the letters because they were not sworn documents, the individuals who wrote them were not present to testify, and the defense failed to lay the proper predicate for their admission. The trial court

2

sustained the State's objection and Hill stated, "Fine. This case is going to be overturned on appeal….I was ineffective in this case in that I'm not computer literate, and I don't know anything about cell phones." The defense then closed.

During closing arguments, Hill argued Appellant had no prior felonies, but the trial court had not heard evidence regarding Appellant's criminal history or lack thereof. The trial court allowed Hill to reopen and present evidence on the issue. Appellant testified that he had no prior felony convictions and the defense rested its case. The trial court assessed punishment at three years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant retained new counsel on appeal. Appellant, through appellate counsel, filed a motion for new trial alleging evidence tending to establish Appellant's innocence was withheld and not produced at trial. The trial court held two separate hearings on the motion for new trial. The first hearing continued the motion to allow Appellant time to subpoena evidence from the custodian of records of Appellant's phone company. At the beginning of the second hearing, the State objected to its continuance under Texas Rule of Appellate Procedure 21.8. TEX. R. APP. P. 21.8(a), (c) (A court must rule on a motion for new trial within 75 days of imposing sentence in open court, a motion not timely ruled on by written order is deemed denied after 75 days). Being well past 75 days from the time Appellant's sentence was imposed, the trial court found the motion for new trial overruled by operation of law and that the trial court no longer had jurisdiction over the matter. This appeal followed.

**DISCUSSION**

In Issue One, Appellant argues trial counsel usurped his right to testify on his own behalf. In Issue Two, he claims the ineffective assistance of trial counsel prevented him from receiving a

3

fair trial during both the guilt/innocence and punishment phases of trial. Because both issues claim error in ineffective assistance of counsel, we address them together.

*Standard of Review*

In order to prevail on an ineffective assistance of counsel claim, Appellant must satisfy two prongs, establishing that: (1) defense counsel's actions fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 694, 104 S.Ct. 2052, 2064-65, 2068, 80 L.Ed.2d 674 (1984); *Smith v. State*, 286 S.W.3d 333, 340 (Tex.Crim. App. 2009). The first prong requires a complainant to show trial counsel's performance was so deficient it fell below an objective standard of reasonableness for professional representation. *Strickland*, 466 U.S. at 687–88; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). The second prong requires a complainant to show counsel's deficient performance so prejudiced his defense that a reasonable probability exists that, but for the deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). A reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Jackson*, 877 S.W.2d at 771.

The party claiming ineffective assistance of counsel bears the burden of establishing both prongs of the *Strickland* test by a preponderance of the evidence. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Failure to meet the burden for either prong defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 697. Counsel's conduct carries a strong presumption it was not deficient, and our review of counsel's actions is highly deferential.

4

*Strickland,* 466 U.S. at 689; *Nava v. State*, 415 S.W.3d 289, 307-08 (Tex.Crim.App. 2013). In order to prevail, a defendant must overcome the presumption that, under the circumstances, counsel's conduct was sound trial strategy. *Strickland,* 466 U.S. at 689.

A claim of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the merits of the claim. *Menefield v. State,* 363 S.W.3d 591, 592 (Tex.Crim.App. 2012). Because a silent record fails to provide an explanation of counsel's actions, the record on direct appeal is rarely sufficient to show counsel was so deficient to overcome the presumption of reasonable, professional representation. *See Cannon v. State*, 252 S.W.3d 342, 349 (Tex.Crim.App. 2008); *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex.Crim.App. 2003).

### Right to Testify

A criminal defendant's right to testify on his own behalf is absolute. *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 2707–08, 97 L.Ed.2d 37 (1987). It is defense counsel's duty to inform a defendant of his right to testify including the fact that the ultimate decision of whether or not to testify is his. *Johnson v. State*, 169 S.W.3d 223, 234-35 (Tex.Crim.App. 2005). When a defense attorney prevents a defendant from testifying on his own behalf, we use the *Strickland* framework to address the allegation counsel was ineffective in allowing the defendant to exercise his right to testify. *See id*. at 232.

In Issue One, Appellant asserts trial counsel prevented him from testifying on his behalf by not informing him it was his choice to testify and not his attorney's choice. The only evidence Appellant points to in support of this assertion is an affidavit attached to his appellate brief. Affidavits attached to briefs are outside of the record, and as such, we are precluded from using

5

them in our consideration of an appeal. *Leza v. State*, 351 S.W.3d 344, 362 (Tex.Crim.App. 2011); *see also Belton v. State*, 900 S.W.2d 886, 893 (Tex.App.—El Paso 1995, pet. ref'd). Thus, the record provides no evidence indicating the reasons why Appellant did not testify on his own behalf other than his limited testimony at punishment to establish he had not been previously convicted of a felony. *See Rylander*, 101 S.W.3d at 111. Based on the silent record before us, Appellant cannot meet his burden to overcome the strong presumption that trial counsel's actions fell within the wide range of reasonable professional representation and was not sound trial strategy. *Strickland,* 466 U.S. at 689. Because Appellant has failed to satisfy the first prong of *Strickland,* we need not address the second prong. *See Strickland*, 466 U.S. at 697. Issue One is overruled.

*Inadequate Assistance of Counsel*

In Issue Two, Appellant claims the ineffective assistance of trial counsel prevented him from receiving a fair trial. Appellant's motion for new trial claimed evidence tending to establish Appellant's innocence was not produced at trial. In the motion for new trial and the hearings relating to the motion, Appellant failed to raise a claim of ineffective assistance of counsel.

The only evidence Appellant sets forth in support of Issue Two is attested to in trial counsel's affidavit. As discussed above, the affidavit is outside of the record and therefore precluded from our consideration. *Leza*, 351 S.W.3d at 362; *Belton*, 900 S.W.2d at 893. The only indication of ineffective assistance we find in the record is trial counsel's statement at punishment, "This case is going to be overturned on appeal….I was ineffective in this case in that I'm not computer literate, and I don't know anything about cell phones."[1] However, trial counsel

---

[1] We note that Appellant's briefing did not direct us to this portion of the record in an attempt to explain trial counsel's actions.

6

does not go into detail about how his ignorance of computers and cell phones affected his decision making or trial strategy nor does he explain his actions anywhere else in the record. Therefore, we find that the record before us provides no explanations of trial counsel's actions. *See Cannon*, 252 S.W.3d at 349. Appellant's claims are unsupported by the record and fail to overcome the strong presumption that trial counsel's actions were sound trial strategy falling within the zone of reasonable representation. *Strickland,* 466 U.S. at 689; *Menefield,* 363 S.W.3d at 592. Because Appellant has failed to satisfy the first prong of *Strickland,* we need not address the second prong. *See Strickland*, 466 U.S. at 697. Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

April 16, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

7