PD-1308-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/6/2015 5:34:31 PM
Accepted 11/9/2015 4:42:11 PM
ABEL ACOSTA
CLERK

NO. PD-1308-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

AUSTIN, TEXAS

_____

ALVIN VALADEZ, JR.,

Appellant,

vs.

THE STATE OF TEXAS,

Appellee.

_____

PETITION FOR DISCRETIONARY REVIEW FROM THE COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT, SAN ANTONIO, TEXAS

CAUSE NUMBER 04-14-00626-CR

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

EDWARD F. SHAUGHNESSY III
Attorney-at-Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com

FILED IN
COURT OF CRIMINAL APPEALS

November 9, 2015

ABEL ACOSTA, CLERK

Attorney for the Appellant

## TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES..................................................................................................iii

TABLE OF INTERESTED PARTIES...................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT........................................................v

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW.....................................6

AUTHORITIES IN SUPPORT OF APPELLANT'S PETITION FOR DICRETIONARY
REVIEW................................................................................................................................6

NATURE OF THE CASE....................................................................................................6

PROCEDURAL HISTORY OF THE CASE....................................................................7

REASONS FOR REVIEW....................................................................................................8

GROUND FOR REVIEW....................................................................................................9

ARGUMENT AND AUTHORITIES IN SUPPORT
OF THE GROUND FOR REVIEW...................................................................................9

CONCLUSION AND PRAYER.........................................................................................13

CERTIFICATE OF SERVICE...........................................................................................14

APPENDIX ...........................................................................................................................15

## TABLE OF AUTHORITIES

STATE CASES

*Bonds v. State, 403 S.W.3d 867 (Tex. Crim.* App. 2013)...................................................................10

*Gibbs v. State, 819 S.W.2d 821 (Tex. Crim. App. 1991)*..................................................................12

*Gordon v. State, 801 S.W.2d 899 (Tex. Crim. App. 1990)*...............................................................12

*Janecka v. State, 739 S.W.2d 813 (Tex. Crim. App. 1987)*..............................................................12

*Jones v. State, 568 S.W.3d 847 (Tex. Crim. App. 1978)*...................................................................10

*McFarland v. State, 928 S.W. 482 (Tex. Crim. App. 1996)*..............................................................12

*State v. McLain, 337 S.W.3d 268 (Tex. Crim. App. 2011)*................................................................10

*State v. Streetman, 93 S.W.3d 102 (Tex. Crim. App. 2002)*.............................................................10

Federal Cases

*Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509 (1964)*.............................................. ......................10


RULES

Art. 38.23, Tex. Code Crim. Proc. Ann. (West 2014)...........................................................................10

*Art. 15.05, Tex Code Crim. Proc. Ann. (West 2014)*.......................................................................9, 13

*Tex. Penal Code Ann. § 71.01 (West 2014)*.......................................................................................11

*Tex. Penal Code Ann. § 71.02(West 2014)*........................................................................................11

*Rule 66.3 (c), Tex. Rule App. Proc*.......................................................................................................3

Table of Interested Parties

TRIAL COUNSEL FOR THE STATE:

Keith Henneke & Steven DeLemos
Assistant Criminal Distric Attorneys
25th Judicial District
211 W. Court St., Suite 260
Seguin, Texas 78155

TRIAL COUNSEL FOR APPELANT:

Rolando Garcia
800 Dolorosa, No. 101
San Antonio, TX 78207

Edward F. Shaughnessy, III
206 E. Locust
San Antonio, TX 78212

APPELLANT'S ATTORNEY ON APPEAL:

Edward F. Shaughnessy, III
206 E. Locust
San Antonio, TX 78212
(210) 212- 6700
(210) 212-2178 (fax)
SBN: 18134500

TRIAL JUDGE:

W.C Kirkendall
25th Judicial District
Guadalupe County, Texas

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for the appellant would submit that in the event that this petition is granted, oral argument would be warranted inasmuch as the issue to be resolved by this Court is novel and worthy of oral argument on the issue presented.

| | | |
|---|---|---|
| ALVIN VALADEZ, JR., | § | IN THE COURT OF |
| Appellant | § | |
| vs. | § | CRIMINAL APPEALS |
| THE STATE OF TEXAS, | § | |
| | | AUSTIN, TEXAS, |
| Appellee | | |

ARGUMENTS AND AUTHORITIES IN SUPPORT
OF THE APPELLANT'S PETITION FOR DISCRETIONARYREVIEW
OF CAUSE NUMBER 0-14-00626-CR

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES, Alvin Valadez Jr., defendant in the trial Court and appellant in the lower Court, by and through, Edward F. Shaughnessy, III, attorney at law, and offers the following arguments and authorities in support of his request that this Court grant his request for a Petition for Discretionary Review in the instant case, cause number PD-1308-15.

NATURE OF THE CASE

The appellant, Alvin Valadez, Jr., was indicted by a Guadalupe County grand jury for the offense of Possession of a Controlled Substance (Heroin 1 to 4 grams) (Habitual) in cause number 13-1568-C. (C.R.-18) The appellant was tried by a jury and convicted of the offense as charged in the indictment. The appellant was subsequently sentenced, by the

jury, to Life in confinement in the Texas Department of Criminal Justice-Institutional Division. (C.R.-64)

Notice of appeal was subsequently filed in the trial Court and an appeal to the Court of Appeals for the Fourth Court of Appeals District was pursued. (C.R.-60) That court affirmed the judgment of the trial court in a published opinion, authored by Justice Alvarez, on September 16, 2015. This court has granted the appellant an extension of time to file the instant petition until November 16, 2015.

## PROCEDURAL HISTORY OF THE CASE IN THE LOWER COURT

On September 16, 2015, the San Antonio Court of Appeals, in an published opinion, authored by Justice Alvarez, affirmed the judgment of the trial court in all respects. *Valadez v. State, (No. 04-14-00626-CR, Tex. App.-San Antonio, September 16, 2015)* (Appendix A) The appellant subsequently filed a Motion for Extension of Time to File a Petition for Discretionary Review with the Court of Criminal Appeals. That motion was granted, and the appellant was granted an extension of time to file a Petition for Discretionary Review until November 16, 2015. This pleading is filed in compliance with this Court's order granting that extension of time. The appellant would submit that there exists one ground for review that warrants review by this Court. It is urged by the appellant that there exist, at a minimum, two distinct reasons for reviewing the action of the Court of Appeals for the Fourth Court of Appeals District.

## REASONS FOR REVIEW

7

A

The appellant respectfully petitions this Honorable Court to grant this Petition for Discretionary Review pursuant to *Rule 66.3 (c), Tex. R. App. Proc.* which states that one of the non-exclusive reasons for this Court to grant a petition for discretionary review is that the Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals. The appellant would respectfully submit that the opinion of the Fourth Court of Appeals is in conflict with the applicable decisions of this Court.

B

The appellant respectfully petitions this Honorable Court to grant this Petition for Discretionary Review pursuant to *Rule 66.3(b), Tex. R. App. Proc.* which states that, one of the non-exclusive reasons for this Court to grant a discretionary review, is that the Court of Appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. The appellant would respectfully submit that the Court of Appeals has decided an important question of state law that has not been, but should be settled the Court of Criminal Appeals.

C.

The appellant respectfully petitions this Honorable Court to grant this Petition for Discretionary Review pursuant to *Rule 66.3(d), Tex. R. App. Proc.* which states that, one of the non-exclusive reasons for this Court to grant a discretionary review, is that the Court of Appeals has misconstrued a statute. The appellant would respectfully submit that the

opinion of the Court of Appeals has misconstrued a relevant provision of the Texas Code of

Criminal Procedure.

GROUND FOR REVIEW

THE COURT OF APPEALS ERRED IN HOLDING THAT
THE APPELLANT WAS ARRESTED PURSUANT TO A
VALID ARREST WARRANT AND AS A CONSEQUENCE
CONTRABAND FOUND ON HIS PERSON WAS LEGALLY
SEIZED AND ADMITTED INTO EVIDENCE


ARGUMENT AND AUTHORITIES
IN SUPPORT OF THE GROUND
FOR REVIEW


STATEMENT OF APPLICABLE FACTS

Prior to the onset of the trial, the appellant caused to be filed a written "Motion to Suppress Evidence" in which he sought to suppress the fruits of a search of his person. Asserted therein was a claim that the actions of law enforcement violated the Fourth Amendment to the United States Constitution along with Art. 38.23, Tex. Code Crim. Proc. Ann. (West 2014) (C.R.-16 ) The trial Court conducted an evidentiary hearing on the motion, at the conclusion of which the motion to suppress was denied and findings of fact and conclusions of law were entered by the trial Court.


The trial court conducted a hearing on that motion prior to trial. (R.R.2-4 thru 28) At the hearing it was established that the appellant was arrested on August 28, 2012 by Officer David Camacho of the Guadalupe County Sheriff's Department. The arrest of the appellant was executed by means of an arrest warrant issued that same day by a Justice of the Peace for Guadalupe County, alleging that the appellant had committed the offense of Engaging in Organized Criminal Activity.[1]  Camacho related that after verifying the validity

---

[1] The Warrant Of Arrest was admitted into evidence at the hearing on the motion to suppress as State's exhibit 1. The supporting complaint/affidavit was admitted into evidence as State's exhibit 2.

10

of the warrant, he along with a fellow officer, went to the home of the appellant in Seguin. After locating the appellant, Camacho conducted a "search incident to arrest" which resulted in the discovery and seizure of the four balloons of heroin that formed the basis for the appellant's indictment. (R.R.2-12, 13) Camacho also related that he had no reason to believe that the arrest warrant that formed the basis for the appellant's arrest and subsequent search was lacking in probable cause.[2] (R.R.12)

The warrant in question authorized the appellant's arrest for the offense of "Engage in Organized Criminal Activity". The warrant was supported by a five-page affidavit/complaint presented to the magistrate by Clint Halbardier, of the Seguin Police Department. That affidavit purported to present a case establishing probable cause to believe that six named individuals[3] had committed the offense of Organized Criminal Activity by committing the offense of Aggravated Assault against Roberto Herrera while committing the assault in concert of three or more individuals. [4]

The Halbardier affidavit went on to detail an investigation conducted by members of the Seguin Police department regarding an alleged assault committed against Roberto Herrera on August 26, 2012. In support of the allegations in the affidavit Halbardier relied in substantial part on information provided by four "unnamed witnesses" who allegedly witnessed the assault in question, or were privy to certain circumstantial evidence relating to the assault and the alleged perpetrators thereof. The affidavit in question contains a number a number of assertions regarding the behavior of the other five suspects named in

_____

[2] Camacho did not relate what the warrant and underlying affidavit/compliant established vis-à-vis probable cause in terms of an offense.
[3] The individuals named were as follows: Danny Ramon Gonzales, Roy Martinez, Alvin Valadez (the appellant), Christopher Lopez, Ezekiel Longoria, and Abel Lomas.
[4] See: Tex. Penal Code Ann. § 71.02(a)(1) (West 2014)

11

the affidavit. With respect to the assertions in the affidavit that relate to the acts of the appellant there are four assertions contained in the affidavit that purport to establish probable cause to believe that the appellant had committed the offense in question. They are as follows:

> 1) UW3[5] stated that (the appellant) showed up after at his residence after the assault and threatened UW3. UW3 also asserted that the Valadez threatened UW3 not to tell anything to tell the police anything about the assault;
>
> 2) UW4[6] purportedly informed the affiant that the appellant had made threats to UW4;
>
> 3) Halbardier also asserted that the appellant was a "documented" member of the Mexican Mafia;
>
> 4) Halbadier also included a non-factual conclusion that the appellant "is acting in concert with the other suspects in trying to threaten witnesses not to give their testimony to police and to help avoid prosecution for the aggravated assault of the victim".

No other factual assertions contained in the Halbardier affidavit relate to acts attributed to the appellant before, during, or after the alleged assault against Roberto Herrera.

Following the conclusion of the hearing the trial Court denied the appellant's motion to suppress the evidence. (R.R.2-27) Prior to the onset of the trial, the trial court made findings of fact and conclusions of law. Those consist of the following:

> The defendant was arrested on a warrant issued on August 28th, 2012 by Justice of the Peace Precinct Four, Guadalupe County, based on a probable cause affidavit submitted by Detective Clint Halbardier.

---

[5] The affiant described UW3 as a gainfully employed Texas resident with acquaintances involved in the Mexican Mafia.

[6] The affiant described UW4 as a resident of Seguin with no criminal history.

The probable cause affidavit for said warrant contained information that established probable cause for (the appellant) to be charged with various offenses, including conspiracy to commit aggravated assault, aggravated assault, aggravated assault as a party to that offense, organized criminal activity to commit aggravated assault, obstruction or retaliation, and even possibly tampering with witnesses. Because such probable cause was established for each offense, the Justice of the Peace could have issued the warrant naming any of those felony offenses.

The arresting officers were acting in good faith reliance on the warrant. Even if the probable cause was inadequate for organized criminal activity, probable cause was established for other felony offenses. (R.R.5-18, 19)

## ARGUMENT IN THE LOWER COURTS

In the trial Court the appellant asserted that the arrest warrant, that formed the legal foundation for his arrest and the subsequent search of his person, was illegal in that it failed to demonstrate "probable cause" to warrant a belief by the issuing magistrate that the appellant had committed the offense of Organized Criminal Activity. That argument formed the basis of the appellant's sole point of error in his appeal to the San Antonio Court of Appeals.

The appellant's sole point of error was overruled and the appellant's conviction and sentence were affirmed in all respects.

## HOLDING OF THE LOWER COURT

The lower Court reasoned as follows: "In viewing the totality of the circumstances in a common sense and realistic manner, we conclude the magistrate had a substantial basis for concluding that probable cause was shown to issue the arrest warrant against Valadez. … The affidavit provided sufficient facts that, together with reasonable inferences

13

therefrom, provided a "fair probability" or "substantial chance" that Valadez was engaged in organized criminal activity." *Valadez v. State, supra, at slip op. pg. 12.*

The appellant respectfully submits that the holding of the Court below is in conflict with the applicable opinions from this Court with respect to what constitutes "probable cause" for an arrest.  The appellant also would submit that what constitutes "probable cause" to issue an arrest warrant for the offense of Engaging in Organized Criminal Activity has never been addressed by this Court and as a result an important question of state law is presented by the instant case and review of that issue by this Court is warranted.  Lastly, the opinion of the Court below appears to misconstrue the statutory provision mandating that an arrest warrant must contain information that demonstrates that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe , and does believe, that the accused has committed such offense. *See: Art. 15.05, Tex Code Crim. Proc. Ann. (West 2014).*  These three contentions will be addressed hereinafter in the order set forth above.

I

With respect to what constitutes "probable cause" this Court has stated on a number of occasions that "probable cause" exists when the affidavit/complaint provides the issuing magistrate with sufficient information to support an independent judgment that probable exists for the warrant. *Jones v. State, 568 S.W.3d 847 (Tex. Crim. App. 1978).*  The

14

establishment of probable cause mandates that an affidavit in support of an arrest warrant contain facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information, sufficient to warrant a prudent person to believe that the subject of the arrest warrant has committed an offense. *State v. Streetman, 93 S.W.3d 102 (Tex. Crim. App. 2002).* In the case of an arrest warrant, such as in the instant case, the issuing magistrate, and the reviewing trial judge are limited to the contents of the affidavit in support of the warrant/complaint. *Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509 (1964); State v. McLain, 337 S.W.3d 268 (Tex. Crim. App. 2011).* In a case involving a warrant, and the underlying affidavit, there are no credibility issues to take into account hence an appellate court is to employ the *de novo* standard of review in passing on the propriety of trial court's ruling. *See: Bonds v. State, 403 S.W.3d 867 (Tex. Crim.* App. 2013).

The opinion of the Court below recognized these concepts in the course of its review of the trial Court's ruling. Nevertheless, it is and was the appellant's contention that even in reviewing the affidavit in a "common sense" manner as opposed to a "hypertechnical" manner the four corners of the affidavit in dispute wholly fail to support a finding by a reasonably prudent person that the appellant had committed the offense of Engaging in Organized Crime.

The offense of Engaging in Organized Activity is defined in a highly circumscribed manner, and is limited in its scope. It requires proof that the accused as a member of a criminal street gang committed or conspired to commit... aggravated assault. *See: Tex. Penal Code Ann. §§ 71.01(d) & 71.02(a)(1) (West 2014).* In the context of the instant case, a valid warrant for the named offense would necessitate factual assertions, within the four corners of the affidavit, that the subject of the warrant that the named suspect had acted as

15

a member of a criminal street gang.[7] It would also necessitate factual assertions, within the four corners of the affidavit, that the suspect person had committed the offense of aggravated assault[8]. Those are the elements of the offense for which the instant warrant was issued and the arrest was perfected.

It is the contention of the appellant that the affidavit is question is wholly devoid of any facts that would support a finding by the issuing magistrate that the named suspect (the appellant), acting as a member of a criminal street gang, as defined, had committed aggravated assault on the person of Roberto Machado Herrera. The entirety of the affidavit in question reflects nothing more than actions by the appellant after the fact. There are no facts contained within the four corners of the affidavit that so much as suggest that the appellant assaulted the complainant or that he aided, abetted or assisted the actors named in the affidavit. The implications contained in the affidavit suggest nothing more than the appellant acquired knowledge of the event in question after the fact and sought to assist the named actors avoid apprehension and or prosecution. This is a far cry from presenting facts to the issuing magistrate that would support a reasonable belief that the appellant had participated in the assault in any fashion.

By finding to the contrary, the court below has issued an opinion that is in conflict with the holdings of this Court on the issue of what constitutes probable cause for an arrest warrant. See: *McFarland v. State, 928 S.W. 482 (Tex. Crim. App. 1996); Gibbs v. State, 819*

---

[7] "Three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities. *Tex. Penal Code Ann. § 71.01(d), supra.*

[8] The affidavit in dispute **did not** assert that the facts supported an arrest warrant on the grounds that the appellant had conspired to commit the offense of aggravated assault as a member of a criminal street gang. (State's exhibit 3, pg. 2)

*S.W.2d 821 (Tex. Crim. App. 1991); Gordon v. State, 801 S.W.2d 899 (Tex. Crim. App. 1990);*

*Janecka v. State, 739 S.W.2d 813 (Tex. Crim. App. 1987).*

The opinion of the lower court is in conflict with the applicable holdings of this court

on the question of what constitutes a valid affidavit in support of an arrest warrant.

Review of the holding of the lower court is warranted.

## II

The appellant would also submit to this court that the question of what constitutes a

valid and sufficient affidavit to warrant the issuance of an arrest warrant for the offense of

Engaging in Organized Crime has never been addressed by this court in any fashion,

Consequently, this case presents an important question of State law, that has not been, but

should be decided by this court.  Review of the holding of the lower court is warranted.

## III

Lastly the appellant would submit that the holding of the lower court has

misconstrued the statute that governs the sufficiency of arrest warrants.  More specifically

the appellant would submit that the opinion of the lower court has misconstrued *Art. 15.05*

*(2), Tex. Code Crim. Proc. ann. (West 2014)* which sets forth the statutory requirements for a

valid affidavit in support of an arrest warrant.[9]  The opinion of the lower court has

misconstrued that provision.  Review of the holding of the lower court is warranted.

---

[9] The complaint shall be sufficient, without regard to form, if it have these substantial requisites:…. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe that the accused has committed such offense.

CONCLUSION AND PRAYER

It is respectfully requested, by the appellant that a petition for discretionary review to the Fourth Court of Appeals be granted and that the case be briefed on the merits of the appellant's ground for review with argument to follow.

Respectfully submitted,


*/s/Edward F. Shaughnessy, III*

EDWARD F. SHAUGHNESSY, III
Attorney at Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500

Attorney for the appellant

CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III., certify that a copy of the foregoing petition was mailed to Heather McMinn, District Attorney, 25th Judicial District, 211 W. Court Street, Suite 260, Seguin, Texas 78155, on this the _6_ day of November, 2015.

/s/*Edward F. Shaughnessy, III*


CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III certify that a copy of the foregoing petition was mailed to the office of the State Prosecuting Attorney, P.O. Box 78711, Austin, Texas 78711, on this the _6_ day of November, 2015.

/s/*Edward F. Shaughnessy, III*


CERTIFICATE OF COMPLIANCE

I, Edward F. Shaughnessy, III, attorney for the appellant hereby certify that the instant pleading contains 3624 words, exclusive of the appendix.

/s/*Edward F. Shaughnessy, III*

APPENDIX



# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00626-CR

Alvin **VALADEZ** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 13-1568-CR-C
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:     Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  September 16, 2015

AFFIRMED

This case arises from the conviction of Appellant Alvin Valadez Jr. for felony possession of a controlled substance. After the trial court denied his motion to suppress, Valadez was convicted by a jury. Valadez entered a plea of true to the State's allegations regarding prior consecutive felony convictions and the jury assessed punishment at life confinement in the Institutional Division of the Texas Department of Criminal Justice.

In his sole issue on appeal, Valadez argues that the trial court erred by denying his motion to suppress evidence because the complaint supporting the arrest warrant failed to demonstrate

probable cause he committed the offense of engaging in organized criminal activity. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

#### 1. Valadez's Arrest

On August 28, 2012, a Guadalupe County justice of the peace signed an arrest warrant authorizing the arrest of Alvin Valadez Jr. for the offense of engaging in organized criminal activity. The warrant was supported by a complaint asserting Valadez and five other individuals committed the offense of engaging in organized criminal activity with the underlying offense being the aggravated assault of Roberto Machado Herrera Jr.

#### 2. Arrest Warrant

Seguin Police Department Detective Clinton Halbardier signed the five-page complaint[1] based on his investigation and that of the Seguin Police Department. In his application, Detective Halbardier reported he relied on statements provided by four unnamed informants who directly witnessed the assault in question or were privy to certain circumstantial evidence relating to the assault. Detective Halbardier further averred that he believed these witnesses to be credible and the magistrate could rely on them. He cited interviews with the victim, previous investigations of the listed suspects, and Seguin Police Department offense reports and supplemental reports.

Detective Halbardier's complaint asserted that on August 26, 2012, Herrera was approached by five or six men who questioned him about his gang affiliation. After Herrera informed the group he was part of the "Orejones," the group asserted they were the "EME" or the "Merecido," common names for the Mexican Mafia. The group further instructed Herrera that he

---

[1] We note Detective Halbardier is the complainant on the application of the arrest warrant. His statement is sworn before the magistrate. The terms complaint and affidavit are, therefore, used interchangeably in this opinion.

should deny being a member of the Orejones because he was in Merecido territory. As Herrera exited his vehicle, one of the individuals waived his arm and Herrera was attacked from behind with a knife. Herrera was stabbed and beaten.

Detective Halbardier averred that all six suspects, including Valadez, were confirmed to be active gang members. The officer outlined Valadez's affiliation as "a documented Mexican Mafia gang member" and a "lieutenant with the Mexican Mafia," based on national and state database information searches.

Detective Halbardier also relied on the statements of four witnesses who asked to be unnamed in the complaint for "personal safety and security reasons." Two of the witnesses were gainfully employed, had previously provided credible information, and had acquaintances involved in the Mexican Mafia. The third witness was present during the assault and his statement corroborated Herrera's statements, and the final witness had no criminal history. Two of the four witnesses reported being threatened not to tell officers about the assault. Additionally, several of the informants reported the assault stemmed from suspicions that Herrera stole drugs from Valadez. Detective Halbardier's complaint concluded,

> considering all of the known facts and the current information provided by the witnesses, [Valadez] has been named multiple times in the past as the leader of the Mexican Mafia in Seguin. [Valadez] is acting in concert with the other suspects in trying to threaten witnesses not to give their testimony to police and to help avoid prosecution for the aggravated assault on the victim.

A Guadalupe County justice of the peace issued the arrest warrant that same day, authorizing the arrest of Valadez for the offense of engaging in organized criminal activity. After locating and securing Valadez, Guadalupe County Sheriff's Office Investigator David Camacho executed the arrest warrant and conducted a search incident to arrest. During the search, Investigator Camacho discovered four balloons of heroin in Valadez's pocket.

**B.**     **Hearing on the Motion to Suppress the Arrest Warrant**

On August 20, 2014, the trial court held a hearing on Valadez's motion to suppress the arrest warrant based on the complaint's failure to establish probable cause.

Investigator Camacho testified that on August 28, 2012, he traveled to Valadez's residence to arrest Valadez. Investigator Camacho was familiar with Valadez and positively identified Valadez at his residence; after a short scuffle, Valadez was taken into custody without further incident. The officer conducted a search incident to arrest and located four balloons of heroin in Valadez's pocket.

Detective Halbardier described the overall structure of the Mexican Mafia and that lieutenants were generally in charge of day-to-day operations in a specific city or county. He also relayed the Mexican Mafia was known for engaging in both sanctioned and unsanctioned assaults. Detective Halbardier testified that, in his opinion, the assault on Herrera was a sanctioned assault by Valadez.

Following the conclusion of the hearing, the trial court denied Valadez's motion to suppress the evidence but did not make findings of fact or conclusions of law at that time. The case was called before a jury on August 25, 2014. After both sides rested and closed their cases, but prior to closing arguments, the trial court stated, on the record, the following findings of fact and conclusions of law.

> [Valadez] was arrested on a warrant issued on August 28th, 2012, by Justice of the Peace Precinct Four, Guadalupe County, based on a probable cause [complaint] submitted by Detective Clint Halbardier.
>
> The probable cause [complaint] for said warrant contained information which established probable cause for Alvin Valadez, Jr., to be charged with various offenses, including conspiracy to commit aggravated assault, aggravated assault as a party to that offense, organized criminal activity to commit aggravated assault, obstruction or retaliation, and even possibly tampering with witnesses. Because such probable cause was established for each offense, the Justice of the Peace could've issued the warrant naming any of those felony offenses.

- 4 -

> The arresting officers were acting in good faith reliance on the warrant. Even if the probable cause was inadequate for organized criminal activity, probable cause was established for other felony offenses.

*See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (holding the trial court's findings of fact and conclusions of law are sufficient if they are "recorded in some way, whether written out and filed by the trial court, or stated on the record at the hearing").

In his sole issue on appeal, Valadez argues that because the complaint supporting the arrest warrant failed to demonstrate probable cause that Valadez committed the offense of engaging in organized criminal activity, the trial court erred by denying his motion to suppress the arrest warrant.

SUPPRESSION OF ARREST WARRANT

## A.      Standard of Review

An appellate court reviews a trial court's ruling on a motion to suppress on a bifurcated standard of review, giving almost total deference to the trial court's determination of historical facts that depend on credibility choices; we review the court's application of the law de novo. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *see also Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because we look only within the four corners of the complaint to determine whether probable cause to issue a warrant exists, the trial court is not required to make any credibility choices in inspecting the affidavit. *Robuck v. State*, 40 S.W.3d 650, 654 (Tex. App.—San Antonio 2001, pet ref'd).

We note this case involves not only the trial court's determination of probable cause, but also the underlying question of the magistrate's probable cause determination. In doing so, we use a substantial basis standard of review based on the totality of the circumstances presented to the magistrate. *See Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (applying *Illinois v.*

*Gates*, 462 U.S. 213, 236–39 (1983). A trial court's ruling on a motion to suppress will be upheld if there is any valid theory of law applicable to the case, even if the trial court did not base its decision on that theory. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).

**B.    Argument of the Parties**

Valadez contends that because the State failed to demonstrate the arrest warrant was supported by a complaint demonstrating probable cause to arrest on the charge of engaging in organized criminal activity, the trial court erred in denying Valadez's motion to suppress. Valadez argues that the warrant was devoid of the facts necessary to support a magistrate's independent judgment that probable cause existed that either Valadez, "or any other named suspects, acted with the intent to establish maintain or participate in the profits of a combination or a criminal street gang."

The State counters that the arrest warrant was supported by probable cause for the offense because the issuing magistrate could reasonably infer that Valadez had conspired with other members of the Mexican Mafia to commit an aggravated assault against Herrera.

**C.    Probable Cause to Support Issuance of the Warrant**

"An arrest warrant affidavit must provide the magistrate with sufficient information to support an independent determination that probable cause exists to believe that the accused has committed a crime." *McFarland v. State*, 928 S.W.2d 482, 509 (Tex. Crim. App. 1996), *abrogated on other grounds by Mosley v. State*, 983 S.W.2d 249, 263 n.18 (Tex. Crim. App. 1998); *see also State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012); *Gurrusqueita v. State*, 244 S.W.3d 450, 452 (Tex. App.—Fort Worth 2007, pet. ref'd). We must, therefore, determine whether the probable cause affidavit in question provided the magistrate with sufficient information to support an independent judgment that probable cause existed to issue a warrant for Valadez's arrest. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).

*1.      Totality of the Circumstances*

A reviewing court's assessment of the affidavit's sufficiency is limited to "a reasonable reading" within the four corners of the affidavit while simultaneously recognizing the magistrate's discretion to draw reasonable inferences. *See Duarte*, 389 S.W.3d at 354 (citing *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007)); *State v. Coker*, 406 S.W.3d 392, 395 (Tex. App.—Dallas 2013, pet. ref'd). The magistrate's probable-cause determination must be upheld if the magistrate had a substantial basis for concluding that a search would uncover evidence of a crime. *See Duarte*, 389 S.W.3d at 354 (citing *Illinois v. Gates*, 462 U.S. at 236). Probable cause requires the affiant to demonstrate there is a probability that the accused committed an offense, not that the evidence proves the suspect's guilt beyond a reasonable doubt. *Moss v. State*, 75 S.W.3d 132, 140 (Tex. App.—San Antonio 2002, pet. ref'd). "This is a flexible, nondemanding standard." *Coker*, 406 S.W.3d at 396 (citing *Duarte*, 389 S.W.3d at 354). A magistrate is enabled to draw reasonable, common-sense inferences from the facts and circumstances contained in the affidavit; however, a magistrate may not merely rubber stamp the bare conclusions of others. *See also Duarte*, 389 S.W.3d at 354, *Rodriguez*, 232 S.W.3d at 61.

Our review focuses on the sufficiency of affidavits on which warrants are issued "to ensure . . . an abdication of the magistrate's duty does not occur." *Gates*, 462 U.S. at 239. Our review must remain realistic and not hyper-technical and we "must uphold the magistrate's decision so long as the magistrate had a substantial basis for concluding that probable cause existed." *Duarte*, 389 S.W.3d at 354; *accord State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

An appellate court's focus cannot be on what other facts "could or should have been included in the affidavit," but rather must be "on the combined logical force of facts that actually are in the affidavit." *Duarte*, 389 S.W.3d at 354–55; *accord Rodriguez*, 232 S.W.3d at 60. The affiant's reliability, as well as the reliability of his sources, are part of the totality of the

circumstances that the magistrate should evaluate in making a probable-cause determination. *See Coker*, 406 S.W.3d at 396.

We thus turn to the circumstances set out within the four corners of the probable cause affidavit before us.

### 2.    *Charge Contained within the Arrest Warrant*

The complaint alleged that Valadez,

> on or about the 26th through 27th day of August, 2012, in Guadalupe County, Texas, did then and there commit the offense of Engaging in Organized Criminal Activity—Aggravated Assault by intentionally and knowingly causing serious bodily injury to the victim, Roberto Machado Herrera Jr., by punching, kicking and stabbing with a knife or lethal cutting instrument, while committing the act in concert of three or more individuals, against the laws of the State.

Detective Halbardier's affidavit averred that he relied on (1) the Seguin Police Department offense report and supplements, (2) multiple offense investigations involving several of the named suspects, (3) multiple witness interviews, (4) suspect interviews, (5) interviews of other involved persons, and (6) his personal observations. We first address Detective Halbardier's reliance on unnamed informants.

### 3.    *Affidavit's Reliance On Unnamed Informants*

"With regard to an informant's tips, we take into account the informant's veracity, reliability, and basis of knowledge to determine the value of his assertions, as well as whether his information is stale." *Rivas v. State*, 446 S.W.3d 575, 579 (Tex. App.—Fort Worth 2014, no pet.) (citing *Gates*, 462 U.S. at 233; *Davis v. State*, 144 S.W.3d 192, 197 (Tex. App.—Fort Worth 2004, pet. ref'd) (op. on reh'g)). "Corroboration of the details of an informant's tip through independent police investigation can also be relevant in the magistrate's determination of probable cause." *Davis*, 144 S.W.3d at 197 (citing *Gates*, 462 U.S. at 241–42). The affidavit must also set forth the basis upon which the officer formed the underlying "belief in an informant's credibility and

veracity." *Id.* "'[A] deficiency in one may be compensated . . . by a strong showing as to the other, or by some other indicia of reliability,' all of which are relevant considerations under the totality of the circumstances." *Id.* (quoting *Gates*, U.S. at 233).

"While information from an unnamed informant alone does not establish probable cause, the informant's tip combined with an independent police investigation may provide a substantial basis for the probable-cause finding." *Cf. Lowery v. State*, 843 S.W.2d 136, 141 (Tex. App.—Dallas 1992, pet. ref'd); *Serrano v. State*, 123 S.W.3d 53, 62–63 (Tex. App.—Austin 2003, pet ref'd). The unnamed informant's credibility may be established by allegations that the informant has proven reliable on previous occasions. *Blake v. State*, 125 S.W.3d 717, 726 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "This reliability may be established by the general assertions of the affiant, as stated in the affidavit, concerning the informant's prior reliability." *Id.*

Here, Detective Halbardier indicated he relied on four different unnamed witnesses. The first had "acquaintances involved in the Mexican Mafia and knows the details of the gang"; the second was present when the assault occurred and corroborated the victim's description of the assault; the third is gainfully employed and has acquaintances involved in the Mexican Mafia; and the fourth was a resident of Seguin with no criminal history. Detective Halbardier further opined, "I believe the unnamed witnesses are credible and that I and any magistrate can rely on their information in the matters such as these." Although the third and fourth informants cannot be characterized as eyewitnesses of the assault, both gave first-hand accounts of Valadez's tactics.

Detective Halbardier knew who the informants were and could hold them accountable for their statements and was able to establish each informant's inherent reliability or basis of knowledge. Additionally, each of the witnesses provided their statements directly to the police, rather than placing an anonymous call or tip, and were unnamed for the sake of their safety. *See Lockett v. State*, 879 S.W.2d 184, 188 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd).

*4.     Other Information Relied upon by the Officer*

Information "of unknown reliability must be coupled with facts from which an inference may be drawn that the *informant* is credible." *Duarte*, 389 S.W.3d at 357. However, when the affidavit contains information given by an informant or eyewitness, the affidavit is sufficient if the information adequately suggests direct knowledge on his or her part. *Wilkerson v. State*, 726 S.W.2d 542, 545 (Tex. Crim. App. 1986); *Belton v. State*, 900 S.W.2d 886, 894 (Tex. App.—El Paso 1995, pet. ref'd) ("if the named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act . . . the credibility and reliability of the informant is inherent").

Detective Halbardier relied on another officer's interview of the victim taken at the hospital. In *Davis v. State*, 202 S.W.3d 149, 156 n.20 (Tex. Crim. App. 2006), the Texas Court of Criminal Appeals stated that "[o]bservations reported to the affiant by other officers engaged in the investigation can constitute a reliable basis for issuing a warrant."

a.     Victim's Statement

Herrera told Seguin Police Detective Jaime Diaz that he was with two other individuals when they drove by a party and one of his friends began talking to Ezekiel Longoria, one of the named conspirators. Longoria asked Herrera "what gang he belonged to," and Herrera replied "Orejones." When Herrera exited the vehicle, Longoria waived his hand and two other individuals attacked Herrera from behind. Herrera stated "approximately five to six males were assaulting at one time." The informant also told Detective Diaz the assault was "set up" because Herrera was suspected of stealing narcotics that belonged to Valadez. This statement was corroborated by the third informant's report that two of the individuals that attacked Herrera, including Valadez, threatened the informant to "keep his mouth shut." *See Davila v. State*, No. AP-76,105, 2011 WL 303265, at *6 (Tex. Crim. App. Jan. 26, 2011) (not designated for publication) (relying on

eyewitness identification of the shooter as support for the arrest warrant); *State v. Ozuna*, 88 S.W.3d 307, 310 (Tex. App.—San Antonio 2002, pet. ref'd).

      b.      National and State Databases and other Officers' Reports

Detective Halbardier confirmed with local, state, and federal officers and with national and state databases that Valdez was a lieutenant with the Mexican Mafia.

> During the past several months of investigating multiple violent gang-related offenses, working with several Local, State, and Federal officers, it has been confirmed that all of [these] six individuals are active gang members.

Detective Halbardier also testified he relied on reports from the Seguin Police Department. The information contained in the affidavit may be based on either direct personal observations of the affiant or on hearsay information. *Belton*, 900 S.W.2d at 893. In *Belton*, the appellant claimed that because the affidavit in question reflected no personal knowledge on the part of the affiant, the arrest warrant lacked probable cause. *Id.* at 894. The court rejected this argument, noting that the affidavit contained a statement that the affiant possessed police reports and sworn statements, as well as information from a witness who had actual knowledge concerning appellant's participation in a crime. *Id.*

Because Detective Halbardier read the Seguin Police Department offense report and supplements, investigated multiple offenses involving several of the named suspects, and interviewed multiple witnesses, suspects, and other involved persons, his personal observations meet the low threshold illustrated in *Belton*. *Id.*; *see also Kolbert v. State*, 644 S.W.2d 150, 153 (Tex. App.—Dallas 1982, no pet.).

Corroboration means, that in light of the circumstances, the officer confirms enough facts to reasonably conclude the information provided is reliable. *See State v. Sailo*, 910 S.W.2d 184, 189 (Tex. App.—Fort Worth 1995, pet. ref'd). We therefore conclude that Detective Halbardier

was entitled to rely on the information provided to him by other officers' investigations and thus entitled to rely upon the information provided by the victim and the unnamed informants.

## CONCLUSION

In viewing the totality of the circumstances in a common sense and realistic manner, we conclude the magistrate had a substantial basis for concluding that probable cause was shown to issue the arrest warrant against Valadez. The officers obtained information from several unnamed informants that corroborated the victim's statement as well and the information provided by other state, local, and national agencies. Given Detective Halbardier's training and the stated credibility of the unnamed informants, the magistrate could reasonably infer that Valadez was tied to the assault on Herrera. The affidavit provided sufficient facts that, together with reasonable inferences therefrom, provided a "fair probability" or "substantial chance" that Valadez was engaged in organized criminal activity. *See Flores*, 319 S.W.3d at 702; *Rodriguez*, 232 S.W.3d at 61. Accordingly, we cannot conclude the trial court erred in denying Valadez's motion to suppress his arrest warrant.[2]

Having overruled Valadez's sole issue on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

PUBLISH

---

[2] Because we conclude the magistrate had probable cause to issue the arrest warrant based on the allegations that Valadez engaged in organized criminal activity in the assault of Herrera, we need not address Investigator Camacho's good faith exception.