**AFFIRM; Opinion Filed March 13, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00090-CR

**DAVID BRIAN NEFF, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-82288-2018**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Myers

David Bryan Neff appeals his conviction for criminal mischief causing pecuniary loss of $2,500 or more but less than $30,000. After the jury found appellant guilty, the jury assessed appellant's punishment at confinement in state jail for two years and a fine of $10,000. Appellant brings two issues on appeal contending (1) the evidence is insufficient to support the amount of pecuniary loss and (2) that he did not receive effective assistance of counsel at trial. We affirm the trial court's judgment.

## BACKGROUND

One night, appellant struck two vehicles repeatedly with a tool that had an axe head on one side and a spike or pick on the other side. Appellant used the tool to flatten three of the tires on the vehicles, and he also struck the body of one of the vehicles. Two surveillance cameras recorded appellant's attack on the vehicles. The next day, the owner of the vehicles had them towed to a tire store and then took them to a body shop. The cost for three new tires was $805.48. At the body shop, the owner described where the car was damaged. The body shop's estimate to repair the damage was $2,183.52.

## CRIMINAL MISCHIEF

"A person commits an offense if, without the effective consent of the owner: (1) he intentionally or knowingly damages or destroys the tangible property of the owner . . . ." TEX. PENAL CODE ANN. § 28.03(a). The offense is a Class A misdemeanor if the pecuniary loss is $750 or more but less than $2,500, *id.* § 28.03(b)(3), and it is a state jail felony if the pecuniary loss is $2,500 or more but less than $30,000, *id.* § 28.03(b)(4).

In his first issue, appellant contends the evidence is insufficient to support his conviction. Appellant does not challenge the sufficiency of the evidence that he committed the offense of criminal mischief. Instead, he challenges whether the State proved beyond a reasonable doubt that the amount of pecuniary loss was at least $2,500.

In determining whether the evidence is sufficient to support a conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a factfinder could have found the essential elements of the charged offense were proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). The factfinder must resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (citing *Jackson*, 443 U.S. at 319). We presume the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also defer to the factfinder's evaluation of the credibility and weight of the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The standard is the same for both direct and circumstantial evidence. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

The owner of the vehicles testified about the monetary loss caused by appellant:

Q. . . . How much did you end up paying for the tires?

A. $805.48.

Q. And how much did you end up paying for the rest of the damage to the cars? I'm going to show you State's Exhibit 4 [the estimate from the body shop] to refresh your memory.

A. The total was 2,183.52. But unfortunately, we don't have the funds to be able to fix this. We want to, but we don't have the funds. So it was only about 5 or $600 that we were able to charge off.

Q. But that amount is the amount of damage that was caused to the cars?

A. Yes, it is.

Q. And then State's Exhibit 3 [the invoice from the tire store], the tires, that was the amount of damage that was caused to the tires?

A. Correct.

Q. Now, both of those numbers, about $800 plus $2,100, does that add up to more than $25,000 [sic]?

A. Yes, it does.

Q. Less than $30,000?

A. Yes, it does.

Q. Okay. Is it probably around 2,900, something like that?

A. Correct.

Appellant argues the evidence is insufficient to support the jury's finding of damage caused by appellant of $2,500 or more because, according to appellant, the estimate from the body shop contains items of damage that were not caused by appellant. The owner testified that the damage caused by appellant did not include "damage to the back of the car right where you typically see the name plate." Appellant points out that the estimate includes damage to the rear door, and he asserts that if the damage to the rear door is subtracted from the estimate, then the total damage is less than $2,500.

–4–

The owner testified that the body shop knew what damage was caused by appellant's striking the vehicle:

Q. How does Service King [the body shop] know what damage was a result of being an eight-year-old or 15-year-old car versus damage that was done on this night?

A. We just described on what portions of the car that it happened.

. . . .

Q. Okay. So how does Service King know the things that they're estimating to fix were a result of the damage and not what happens with a car?

A. We described from the front of the cars to, basically, the back where the damage was caused by the ax, him striking the car. We showed it to them.

Q. You showed him where the damage was?

A. Yeah.

Q. Okay. So when did that happen?

A. When we took the car to have the estimate.

It was the responsibility of the jury to determine the owner's credibility, weigh the evidence, and determine whether the estimate was for, as the owner testified, "the amount of damage that was caused to the cars" based on the owner's having "described . . . where the damage was caused by the ax, him striking the car," or whether it included amounts for damage not caused by appellant, as appellant argues. The jury determined that the damage appellant caused was $2,500 or more, and the evidence supports that determination.

We conclude that a rational juror could conclude beyond a reasonable doubt that appellant intentionally or knowingly damaged the owner's vehicles causing him pecuniary loss of $2,500 or more but less than $30,000. We overrule appellant's first issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant contends he did not receive effective assistance of counsel at trial. Appellant asserts counsel was ineffective because he did not object when one police officer testified he recognized appellant from a booking photo, and another officer testified he knew appellant from having spoken to appellant in the past. Appellant argues that the officers' testimony indicated appellant had been arrested in the past.

To prove a claim of ineffective assistance of counsel, appellant must show (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide

range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006).

Appellant has the burden to establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "It is a rare case in which the trial record will by itself be sufficient to demonstrate an ineffective-assistance claim." *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). In the rare case in which trial counsel's ineffectiveness is apparent from the record, an appellate court may address and dispose of the claim on direct appeal. *Lopez*, 343 S.W.3d at 143. However, "[i]f trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Nava*, 415 S.W.3d at 308 (quoting *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012)). When the record is silent, we may not speculate to find trial counsel ineffective. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Appellant did not file a motion for new trial, so the record is silent regarding defense counsel's reasons for not objecting.

Officer Elias McArtor testified he reviewed the surveillance videos but did not recognize the person attacking the vehicles. McArtor showed the video to another officer, and that officer gave McArtor some information. McArtor then viewed a "booking photo" for appellant and concluded appellant was the person in the video.

Detective Johnnie Dudeck testified he was the officer to whom McArtor showed the video, and he immediately recognized the person in the video as appellant. Dudeck said he was familiar with appellant and had had conversations with him.

Dudeck's testimony that he recognized appellant and had had conversations with him was not evidence that appellant had committed an extraneous offense. *See Belton v. State*, 900 S.W.2d 886, 900 (Tex. App.—El Paso 1995, pet. ref'd) (officer's testimony that he knew the defendant from "past dealings" was not evidence of an extraneous offense, and counsel was not ineffective for not objecting to the testimony). We conclude appellant has not shown counsel was ineffective for not objecting to Dudeck's testimony.

McArtor's testimony that he looked at a booking photo of appellant indicated that appellant had a prior arrest. This testimony may have been inadmissible in the guilt/innocence phase because it tends to show the commission of an extraneous

–8–

offense.  *See Araiza v. State*, 929 S.W.2d 552, 555 (Tex. App.—San Antonio 1996, pet. ref'd) (mug shot that shows it was taken by police in the context of a particular case was inadmissible at guilt/innocence).  However, we need not determine whether counsel was ineffective for failing to object to McArtor's testimony because the record does not show a reasonable probability that, but for counsel's failure to object to McArtor's testimony, the outcome of the case would have been different.

At the guilt/innocence phase of the trial, the surveillance video clearly portrayed the perpetrator attacking the vehicles.  Accordingly, the admission of evidence that appellant had a prior arrest could not have affected the outcome of that phase of the trial.  At the punishment phase, the State introduced evidence that appellant had at least nine prior convictions.  The evidence included several different booking photos.  Because these exhibits showed appellant had numerous arrests and prior convictions, it is not reasonably probable that McArtor's testimony indicating appellant had a prior arrest affected his punishment.

We conclude appellant has failed to show counsel was ineffective.  We overrule his second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
190090F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID BRIAN NEFF, Appellant

No. 05-19-00090-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-82288-2018.

Opinion delivered by Justice Myers. Justices Whitehill and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of March, 2020.